■ MARIE C. EYLMAN, Respondent, v. JOHN H. EYLMAN, Appellant.— In an action for a judicial separation on the ground of nonsupport, the defendant husband appeals from a judgment of the Supreme Court, Nassau County, entered April 18, 1963 upon the opinion-decision of the court after a nonjury trial, which: (1) granted to the plaintiff wife a separation from the defendant;

(2) directed him to pay $50 per week for the wife's support and $25 a week for the support of their infant daughter; and (3) awarded to the wife custody of the daughter and visitation rights to the husband on every Sunday, " provided [said daughter] is willing." Judgment modified on the law and the facts: (a) by striking out its first decretal paragraph granting to the wife a separation from the husband, and by substituting therefor a provision denying her a judicial separation and dismissing the complaint on the merits insofar as it seeks such relief; and (b) by striking out from its second decretal paragraph (relating to custody and visitation) the provision which conditions the defendant's right of visitation upon the infant daughter's consent. As so modified, the judgment is affirmed, without costs. The findings of fact implicit or contained in the court's opinion which may be inconsistent herewith are reversed, and new findings are made as indicated herein. It appears that on two occasions prior to April, 1958 plaintiff left the marital home, but that in April, 1958 she left the home for " good " without intention to return. Defendant's requests to plaintiff, made both orally and in writing, that she return were rejected. It also appears that in September, 1958 the parties entered into a separation agreement which provided that the husband pay $120 bi-weekly for the wife's support and $40 bi-weekly for support of their infant daughter. After compliance for some time with such provisions, defendant unilaterally reduced the amounts of the payments. Plaintiff brought two actions to recover the arrears which had accrued, and in one of them plaintiff has obtained judgment. Thereafter plaintiff repudiated the separation agreement and instituted the instant action for a separation on the ground of nonsupport. In our opinion, since the action is based upon nonsupport, plaintiff's failure to prove that she ever made an offer in good faith to return to the marital home and to resume her marital status is fatal to her cause of action for a separation (*Solomon* v. *Solomon,* 290 N. Y. 337; *Batchelor* v. *Batchelor,* 295 N. Y. 544; *People ex rel. Roosevelt* v. *Roosevelt,* 13 A D 2d 334; *Fremont* v. *Fremont,* 19 A D 2d 738). In the light of all the facts and circumstances, however, we are of the opinion that the alimony provisions of the judgment should remain undisturbed (Domestic Relations Law, § 236). With respect to the defendant's visitation rights, we believe it was improper to expressly condition the exercise of such rights upon the " willingness " of the infant daughter; the inclusion of such a provision unnecessarily tends to defeat the visitation rights. Beldock, P. J., Ughetta, Christ and Hopkins, JJ., concur; Brennan, J., concurs in the result.