In the Matter of SUSAN W. (ANONYMOUS) et al., Respondents, v. TALBOT G. (ANONYMOUS), Appellant.— In an adoption proceeding, the appeal is from an order of the Family Court, Westchester County, dated November 30, 1972 and made after a nonjury trial, which adjudged that the petitions are sustained without the consent of appellant, the natural father, since he had abandoned the children. Order reversed, on the law, without costs, and applications denied. In our opinion, petitioners have not met their heavy burden of establishing an abandonment within the purview of section 111 of the Domestic Relations Law (*Matter of Bistany*, 239 N. Y. 18; *Matter of Porras*, 13 A D 2d 239; *Matter of Stuart*, 35 A D 2d 785; *Matter of Cocozza* v. *Antidormi*, 35 A D 2d 810). Munder, Acting P. J., Martuscello, Shapiro, Christ and Brennan, JJ., concur.

In the Matter of ANTHONY C. BOSCIA et al., Appellants, v. MARY E. SELLAZZO, Formerly Known as MARY E. BOSCIA, Respondent.— In a proceeding to obtain visitation rights with respect to petitioners' infant grandchild, petitioners appeal from an order of the Family Court, Westchester County, dated October 4, 1972, which dismissed the petition. Order reversed, on the law, without costs, and proceeding remitted to the Family Court for a hearing to determine whether petitioners should be granted visitation rights. The Family Court erred in dismissing the petition "solely on the grounds that neither" the Supreme Court nor the Family Court " have any legal authority to require visitation between a grandparent and a grandchild where it is objected to by the parent who has legal custody." Petitioners properly applied to the Supreme Court to obtain visitation rights with respect to their grandchild (Domestic Relations Law, § 72; *Matter of Scranton* v. *Hutter*, 40 A D 2d 296). The Family Court obtained the necessary jurisdiction to determine whether petitioners should be granted visitation rights when the Supreme Court transferred the proceeding to the Family Court (Family Ct. Act, § 115, subd. [b]). Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

In the Matter of BRUCE HERBERT, Petitioner, v. JOHN M. LADEMANN, Sued Herein as JOHN L. LADEMAN, et al., Constituting the Board of Fire Commissioners of the Cutchogue Fire District, Respondents.— Determination dated July 2, 1971 confirmed and petition dismissed, without costs. No opinion. Respondents' motion to vacate stay which was granted in order to show cause dated August 2, 1971 dismissed as academic. Martuscello, Acting P. J., Gulotta, Christ, Brennan and Benjamin, JJ., concur.

In the Matter of NORBERT LEINER, Petitioner, v. ABE LAVINE, as Commissioner of Social Services, et al., Respondents.— Proceeding pursuant to CPLR article 78 to review a determination of respondent Commissioner of the New York State Department of Social Services, dated November 3, 1972, which, after a hearing, affirmed a determination of respondent Commissioner of the New York City Department of Social Services discontinuing petitioner's food stamp certification as of June 30, 1972. Determination annulled, on the law, without costs, and matter remitted to the State Commissioner for a further hearing, at which the proof shall be amplified, particularly with respect to petitioner's income. On this record there was not developed full proof of the relevant issues and of petitioner's income. The matter should be remanded for the purpose of amplifying such proof. Munder, Acting P. J., Latham, Shapiro, Gulotta and Benjamin, JJ., concur.