◼ In the Matter of LENORE GOLDBERG, Appellant, v KENNETH GOLDBERG, Respondent.—The attorneys for the respective parties on this appeal from an order of the Family Court, Nassau County, entered January 7, 1976, have agreed, after a conference held before Hon. Harry Gittleson on March 8, 1976, that the appeal be withdrawn, and thereupon signed a stipulation to such effect, which stipulation includes certain other provisions. In accordance with the foregoing, the appeal is deemed withdrawn, without costs or disbursements, subject to restoration, upon notice, no later than June 30, 1976. Gulotta, P. J., Hopkins, Martuscello, Latham and Cohalan, JJ., concur.

◼ In the Matter of NORBERT LEINER, Petitioner, v ABE LAVINE, as Commissioner of the New York State Department of Social Services, et al., Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent State Commissioner, dated October 25, 1973, which, after a further hearing held pursuant to this court's order dated July 30, 1973, affirmed the determination of the respondent city commissioner, which discontinued petitioner's food stamp authorization. Determination confirmed and petition dismissed on the merits, without costs or disbursements. On July 30, 1973 this court annulled the State Commissioner's determination relative to the discontinuance of food stamp authorization to petitioner by the city commissioner, and directed that a further hearing be held, with particular emphasis on petitioner's income *(Matter of Leiner v Lavine,* 42 AD2d 781). On September 13, 1973 that hearing was conducted and the State Commissioner has again affirmed the determination of the city commissioner as to petitioner's eligibility under the food stamp program (see Social Services Law, § 95, subd 3, par [b]). The petitioner was asked to verify his income on numerous occasions, but to date he has failed to submit sufficient information to warrant a proper ruling as to his eligibility. In particular, petitioner has taken deductions for travel, telephone calls and parking and motel expenses incidental to his work as a member of the clergy, but has failed to substantiate such deductions. His expenses to maintain his wife and five children contradict his assertion that his adjusted income is but a little more than $600 yearly. The rules promulgated by the Department of Social Services (18 NYCRR 435.1 *et seq.)* require a full disclosure of all income and the verification thereof. Accordingly, the determination should be confirmed. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.