■ In the Matter of JOSEPH EHRLICH, Appellant, v PHILIP RESSNER, Respondent.—In a habeas corpus proceeding pursuant to section 72 of the Domestic Relations Law, the appeal is from an order of the Family Court, Kings County, dated June 25, 1976, which, after a hearing, dismissed the proceeding. Order reversed, on the law, the facts and in the interest of justice, without costs or disbursements, and proceeding remanded to the Family Court for a new hearing before a different Judge. Petitioner Joseph Ehrlich, the maternal grandfather of the Ressner children, sought an order of visitation pursuant to section 72 of the Domestic Relations Law on the grounds that the children's mother, his daughter, was now deceased and that the children's father was arbitrarily impeding his contact with the grandchildren. At the hearing on the petition, the respondent father, denying the allegation that he stood between the children and their grandparents, advanced the claim that the teenage children were too busy with their other activities to visit with their grandparents. After an off-the-record discussion in chambers with the Ressner children, the court found: "The oldest child * * * said that * * * he is busy and he does not want to feel compelled to maintain any specific visitation * * * The same is true with respect to the two girls." Hence, visitation was denied and the petition dismissed. Section 72 of the Domestic Relations Law was enacted to enable children deprived of the society of their grandparents by the untimely death of a parent to maintain the bonds of kinship (see *Lo Presti v Lo Presti,* 40 NY2d 422; *Matter of Scranton v Hutter,* 40 AD2d 296). The humanistic concern by the evinced Legislature in enacting this section is an implicit recognition that "Visits with a grandparent are often a precious part of a child's experience and there are benefits which devolve upon the grandchild * * * which he cannot derive from any other relationship" (see *Mimkon v Ford,* 66 NJ 426, 437; *Matter of Vacula v Blume,* 53 AD2d 633; cf. *Matter of Raana Beth N,* 78 Misc 2d 105, 109). While control over visitation rests within the sound discretion of the court (see *Lo Presti v Lo Presti, supra; Matter of Boscia v Sellazzo,* 42 AD2d 781), it must be guided by the humanitarian purpose of the statute and by an independent evaluation of the best interest of the children affected (cf. *Matter of Sagumeri v Fortunato,* 55 AD2d 936. In the determination of the best interest of the children, the Family Court placed undue stress upon their avowed wishes in the off-the-record conference in chambers (cf. *Eylman v Eylman,* 23 AD2d 495; 11B

Zett-Edmonds-Schwartz, NY Civ Prac, par 40.17). To rest the determination on that basis alone is to shirk from the duty of ministering to the needs of the children according to an enlightened, objective and independent evaluation of the circumstances. Further, by placing the conference with the children off the record, the Family Court has impaired the power of this court to review the order appealed from by removing the facts upon which the decision rests from our consideration. Accordingly, a new hearing is necessary to re-examine the petition in the light of the purposes of the statute and the needs of the children affected. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.