■ JERRY ROMANTINI, Appellant, v VILLAGE OF EAST HILLS, Respondent.—In an action to declare the zoning ordinance of the Village of East Hills unconstitutional as it applies to plaintiff's real property, plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered September 13, 1978, which, after a nonjury trial, dismissed the complaint. Judgment modified, on the law, by deleting therefrom the provision dismissing the complaint, and substituting therefor a provision declaring that the ordinance under review is not unconstitutional or confiscatory as applied to plaintiff's property. As so modified, judgment affirmed, with costs to defendant. Inasmuch as it is improper in a declaratory judgment action to dismiss the complaint, even though the plaintiff is not entitled to the declaration sought *(Lanza v Wagner,* 11 NY2d 317, 334, app dsmd 371 US 74), we declare that the ordinance is not unconstitutional or confiscatory as applied to plaintiff's property. Plaintiff did not establish that he is precluded by the ordinance from the use of the property for any purpose to which it may be reasonably adapted (see *Williams v Town of Oyster Bay,* 32 NY2d 78). Mollen, P. J., Hopkins, Rabin and Martuscello, JJ., concur.

■ HASAN ABU ROMI, Appellant, v HAZIEEM HAMDAN, Respondent.—In a habeas corpus proceeding to determine custody of a child, petitioner, the child's father, appeals from a judgment of the Supreme Court, Kings County, dated March 7, 1979, which dismissed the proceeding and let custody remain with respondent, the child's maternal grandfather. Judgment reversed, without costs or disbursements, and proceeding remitted to Special Term for a hearing, which shall be conducted before a different Judge, and a new determination. In this custody struggle between the father and maternal grandparents, the record indicates that the court gave controlling weight to the preference of the then 10-year-old child after conducting an *in camera* off-the-record interview with the child. The wishes of the child alone provided an inadequate basis for the court's award of custody (see *Bullotta v Bullotta,* 43 AD2d 847). In a custody proceeding, the court must make "an enlightened, objective and independent evaluation of the circumstances" *(Matter of Ehrlich v Ressner,* 55 AD2d 953, 954). In addition, the failure to conduct the interview with the child on the record, especially where paramount importance was given to the child's wishes, makes intelligent review by this court impossible (see *Matter of Ehrlich v Ressner, supra,* p 954). Finally, in light of the serious allegations of the parties against each other, it was error not to conduct a full and comprehensive hearing to resolve the many factual issues raised (see *Corso v Corso,* 48 AD2d 652). Mollen, P. J., Hopkins, Titone, O'Connor and Shapiro, JJ., concur.