■ JANKU MOSESKU, Appellant, v SIDONIA MOSESKU, Respondent. — In a habeas corpus proceeding to determine custody of the parties' infant daughter, petitioner, the child's father, appeals from a judgment of the Supreme Court, Queens County (Giaccio, J.), dated October 24, 1983, which, *inter alia,* granted custody to respondent, the child's mother.

Judgment reversed, without costs or disbursements, and proceeding remitted to Special Term for a hearing, which shall be conducted before a different Judge, and a new determination with findings of fact. Respondent shall retain custody of the infant child pending the new determination and visitation shall be allowed in accordance with the judgment appealed from.

Before the issue of custody is determined, a full and comprehensive hearing should be held (*Corso v Corso,* 48 AD2d 652; *Romi v Hamdan,* 70 AD2d 934) so that the court can fulfill its duty to make "an enlightened, objective and independent evaluation of the circumstances" (*Matter of Ehrlich v Ressner,* 55 AD2d 953, 954). In light of the serious and conflicting allegations of the parties against each other, which even the examining psychiatrist was unable to reconcile, it was error not to conduct a full and comprehensive hearing to resolve the many factual issues raised (*see, Romi v Hamdan, supra; Corso v Corso, supra*). Furthermore, the failure to conduct an in camera interview with the child, on the record, especially where the court

apparently gave paramount importance to the then three-year-old child's wishes, makes intelligent review by this court impossible (*see, Romi v Hamdan, supra; Matter of Ehrlich v Ressner, supra*). For the foregoing reasons, there should be a new hearing in this matter and, until the basic issue of the best interests of the infant is more fully examined, the child's custody shall continue with respondent. This decision is not to be construed as an indication as to which party should be awarded custody. We additionally note that the hearing court should make specific findings of fact with regard to the issue of custody (*see, Corso v Corso, supra*). Such findings were neither placed on the record nor incorporated into the judgment under review. Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.