■ WILLIAM F. COLLINS, Appellant-Respondent, v CYNTHIA L. COLLINS, Respondent-Appellant.—Amended judgment unanimously modified, on the law, and, as modified, affirmed, without costs, and matter remitted to Supreme Court, Monroe County, for a hearing, in accordance with the following memorandum: Prior to the divorce action commenced by plaintiff against defendant on the grounds of cruel and inhuman treatment, the parties entered into a separation agreement. The agreement provided for joint custody of the child of the marriage, who was approximately four years old at the time of the agreement in 1983, with principal residence to be with plaintiff father. Defendant was afforded visitation privileges. The child has resided with plaintiff since his birth.

In her answer to the complaint, defendant asserted a counterclaim seeking to abrogate the separation agreement and to obtain custody of the child. After a full trial on all issues, the court granted a divorce to plaintiff and found the separation agreement of the parties to have been fair and reasonable when entered into and not unconscionable. The court, nonetheless, modified the agreement to provide that physical custody of the child should be transferred to defendant mother.

We agree with the court insofar as it refused to set aside the separation agreement, and the record fully supports this determination. However, the court erred in awarding physical custody of the child to defendant. While it found that both parties were fit and loving parents, it based its determination to transfer physical custody of the child on two factors: (1) the father's age—65 years old at the time of trial; (2) location of the marital residence where the child resided (rural as opposed to urban).

A party seeking a change of custody bears a heavy burden of proof that the change contemplated is in the child's best interests (Feltman v Feltman, 99 AD2d 540; Matter of Robb v

*McIntosh,* 99 AD2d 571). In our view, defendant has failed to meet this burden. Defendant conceded that plaintiff's care of the child was responsible and as good as the care she could give. The age of plaintiff father in this case is irrelevant insofar as it impacts on the care of his child. Indeed, the record reveals that the court found that plaintiff was in excellent health and could properly care for the child as he had been doing during the course of these proceedings and since the birth of the child. The court's speculation about plaintiff's possible illness or death in the foreseeable future as a basis for changing the agreed-upon physical residence of the child is without any support in the law.

Insofar as the court based its determination on the environmental location of the child, such conclusion is similarly rejected. Nothing in the record even hints that the home or locale where plaintiff resides is unsuitable or that the school the child attends is inferior, or that he is otherwise socially deprived.

That portion of the amended judgment which awarded some $800 to defendant as refunded income tax moneys for the year 1983 is also reversed. The court made no findings on this issue, and in the absence of income tax returns for the taxable period or other proof in the record which would support the award, adequate appellate review is impossible. The matter is remitted to Supreme Court for a hearing on this issue. (Appeals from amended judgment of Supreme Court, Monroe County, Bergin, J.—divorce.) Present—Dillon, P. J., Doerr, Green, O'Donnell and Pine, JJ.