■ In the Matter of LAURA A. SCOTT, Appellant, v ALAN SCOTT, Respondent. [598 NYS2d 413] —Order unanimously affirmed without costs. Memorandum: There is no merit to petitioner's contention that Family Court improperly awarded custody of the parties' children to respondent as punishment

for petitioner's bad conduct. In its decision the court recognized that, in determining custody, the primary consideration is the best interests of the child (see, Eschbach v Eschbach, 56 NY2d 167, 171). The court made no finding that petitioner was unfit, but a finding that she was the less fit parent is implicit in its order granting custody to respondent and is supported by the record (see, Eschbach v Eschbach, supra, at 174).

The court found that "the mother engaged in extremely questionable conduct, to wit, her association with a Mr. Ziolkowski and her allowing teenagers to congregate at her house on Grand Street." Although these findings are meager, we are able to make more specific findings based on our review of the record. We find that petitioner, over the express objection of the parents, permitted teenagers to congregate in her home and remain for extended periods of time, and that, when the parents asked if their children were at her home, she lied to them by telling them that the children were not there. We also find that petitioner associated romantically with an individual who visibly carried a gun while in petitioner's home and in the presence of her children. Moreover, petitioner took the children to visit the individual in a State prison where he was incarcerated.

The weighing of the various factors bearing on the best interests of the children requires an evaluation of the character of the parties and can be best made by the trial court, which is the best judge of that subjective factor (see, Eschbach v Eschbach, supra, at 173). We decline, therefore, to substitute our own judgment in this case for the judgment of Family Court.

Also without merit is petitioner's contention that the order should be reversed because the court did not record an in camera interview of the children. In contrast to the circumstances in Mosesku v Mosesku (108 AD2d 795) and Romi v Hamdan (70 AD2d 934), cited by petitioner, the court did not rely upon the children's wishes in making its determination. (Appeal from Order of Niagara County Family Court, Halpin, J.—Custody.) Present—Green, J. P., Pine, Boomer, Davis and Boehm, JJ.