In the Matter of CHRISTOPHER J. AMMANN, Respondent, v ANDREA AMMANN, Appellant. [619 NYS2d 469] —Order unanimously affirmed without costs. Memorandum: Respondent mother appeals from an order of Family Court that, following a hearing, modified a California decree of divorce and awarded petitioner father sole custody of the child. The California decree was based on a stipulation that awarded joint custody to the parties with sole physical custody to the mother. On appeal, respondent contends that the court's findings were inadequate to support a change in a 5½ year custodial arrangement and that the record before the court was incomplete without an investigative report or testimony from teachers, counselors, psychologists or other experts.

The parties were married on April 13, 1985. Their son was born 3½ weeks later on May 7, 1985. At the time of the marriage, respondent was still married to her first husband and concealed that fact from petitioner. Respondent obtained a decree of divorce from her first husband approximately one month following the birth of her child. When the parties separated on May 24, 1988, respondent and the child returned to live with respondent's father in Geneseo, New York. The divorce decree was entered in California on March 29, 1990.

At or about the time of the divorce decree, petitioner moved from California to Texas and resided with his parents. Shortly thereafter, he moved to Pittsburgh, Pennsylvania, where he was employed as the general manager of a restaurant. Petitioner remarried and, on January 13, 1992, moved to Rochester, New York, with his wife. The move from Pittsburgh to Rochester resulted in petitioner taking a substantial pay cut. From the time of the parties' separation until after petitioner applied for a change in custody, petitioner regularly exercised all visitation provided to him under the divorce decree, including extended periods during the summer and holiday vacations.

We agree with respondent's contention that the court failed

to make the necessary findings to justify a change of custody. However, we reject respondent's further contention that the record is insufficient to justify the court's conclusion that the best interests of the child require a change of the joint custodial arrangement to one of sole custody with petitioner. Where the record is sufficiently complete, we can make our own findings of fact in the interests of judicial economy and the well-being of the child *(see, Matter of Milton v Dennis,* 96 AD2d 628).

"A party seeking a change of custody bears a heavy burden of proof that the change contemplated is in the child's best interests" *(Collins v Collins,* 115 AD2d 979). We discussed the factors to be considered in *Fox v Fox* (177 AD2d 209, 210). Although continuity and stability of the existing custodial arrangement are weighed heavily and any change of that arrangement should be based only upon " 'countervailing circumstances on consideration of the totality of circumstances' " *(Friederwitzer v Friederwitzer,* 55 NY2d 89, 95; *see, Fox v Fox, supra,* at 210-211), the final consideration for the court ultimately remains the best interests of the child *(Friederwitzer v Friederwitzer, supra,* at 95). "[A] long-term custodial arrangement established by agreement should prevail 'unless it is demonstrated that the custodial parent is unfit or perhaps less fit' " to continue as the custodian *(Fox v Fox, supra,* at 211, quoting *Martin v Martin,* 74 AD2d 419, 426).

The record establishes that petitioner is better able to meet the needs of the child. Respondent has moved on five different occasions since her return to New York, requiring her son to change schools on four occasions in three years. During that period of time, respondent was engaged to three different men, had five different jobs and exercised very little responsibility with regard to her financial affairs, resulting in termination of utility and telephone services to her apartment. At the time of the hearing, respondent had a suspended driver's license as a result of two outstanding speeding tickets. The record further establishes that respondent failed to address the child's learning disabilities.

Petitioner, on the other hand, maintained contact with his child throughout the time that he lived in Texas and Pennsylvania. In addition, petitioner took a substantial pay cut to move closer to the child. The record establishes petitioner's consistent and genuine concern for the well-being of the child, including the child's educational, physical and psychological needs. Petitioner is in a superior position to respond to the

child's learning disability. The record establishes that petitioner and his wife have developed specific plans for the child's educational and social development, including a work arrangement whereby petitioner's wife would be with the child after school each day. Furthermore, petitioner requested that the order provide that the child continue contact with his maternal grandfather, and have generous visitation with respondent. The report of the Law Guardian strongly recommended that the court place the child with petitioner. Based upon the record before us and the considerations noted above, we conclude that petitioner met the heavy burden of proof that the change in custody to him is in the best interests of the child. (Appeal from Order of Livingston County Family Court, Wiggins, Jr., J.—Custody.) Present—Lawton, J. P., Fallon, Wesley, Doerr and Boehm, JJ.