■ In the Matter of Louis A. Gatto, Appellant-Respondent, v Esther J. Steinberg, Respondent-Appellant. [666 NYS2d 344] —Cardona, P. J. Cross appeals from an order of the Family Court of Cortland County (Coccoma, J.), entered November 15, 1996, which, *inter alia*, partially granted petitioner's application, in a proceeding pursuant to Family Court Act article 4, for modification of a prior order of support.

Petitioner and respondent, who are now divorced, have one child. In August 1990, the parties entered into a separation agreement which provided, *inter alia*, that they would each share in the cost of their child's college education in an amount proportionate to the amount each party's income bore to the parties' total combined income. Under the terms of the agreement, the parties shared joint custody with primary physical custody to respondent. The agreement was incorporated, without merger, into the subsequent judgment of divorce.

In December 1990, the child went to live with petitioner resulting in the filing by him of a child support petition. Following a hearing, the Hearing Examiner issued a permanent order of support in April 1992 providing, *inter alia*, for the establishment of a separate interest-bearing bank account into which respondent was ordered to deposit the sum of $150 biweekly to be used for the child's "special educational, extra-

curricular, and recreational needs" and to be disbursed upon the child's "reasonable written requests". It is noted that an order had previously been entered in July 1991 awarding sole custody of the child to petitioner.

In November 1995, petitioner filed a violation petition against respondent alleging, *inter alia*, that respondent failed to provide verification that certain deposits were made into the child's bank account and pay her share of the child's unreimbursed medical expenses pursuant to the April 1992 order. In her answer, respondent cross-petitioned for modification of the prior support order and sought copies of all medical bills for which petitioner was seeking reimbursement.

In December 1995, petitioner also filed a petition seeking modification of the prior order of support. Respondent moved to dismiss the violation petition and, in February 1996, a Hearing Examiner granted respondent's motion and ordered a hearing on the modification petitions. Petitioner filed a second violation petition prior to the hearing. Following the hearing, conducted in April and May 1996, the Hearing Examiner issued an amended order modifying the April 1992 order of support. Included among its provisions was a direction that the bank account be transformed into a trust for the benefit of the child to be used for "special educational, extra-curricular, and recreational needs" with respondent to act as or to designate the trustee. Respondent filed objections to the Hearing Examiner's order resulting in Family Court striking those provisions of the April 1992 order and May 1996 amended order which established the separate interest-bearing bank account and the trust. The court further ordered that the April 1992 order be amended to include a provision requiring respondent to pay two thirds of the child's college expenses. These cross appeals ensued; however, petitioner subsequently withdrew his appeal.

Resolution of this case turns upon the propriety of Family Court's modification of the prior order adding the provision governing respondent's obligation to pay a portion of the child's college expenses. Notably, neither party requested any relief with respect to this issue nor was any evidence adduced at the hearing in this regard. Rather, the testimony pertained mainly to the reasonableness of the child's requests for disbursements from the bank account and the nature and extent of her unreimbursed medical expenses. Given the absence of proof in the record supporting Family Court's order directing payment of the child's college expenses and the absence of any specific findings of fact regarding this issue, we must conclude that the

provision cannot stand (*see, Matter of Jose L. I.*, 46 NY2d 1024, 1026; *Maieli v Maieli*, 223 AD2d 909, 910; *Collins v Collins*, 115 AD2d 979, 980). Furthermore, we note that the parties specifically addressed the payment of the child's college expenses in their separation agreement and there has been no showing of an unanticipated or unreasonable change in circumstances which would warrant deviating from its provisions (*see, Matter of Brescia v Fitts*, 56 NY2d 132, 138; *Matter of Boden v Boden*, 42 NY2d 210, 213; *Matter of Lunman v Lomanto*, 239 AD2d 770). Consequently, there is no need to remit the matter to Family Court for further proceedings (*see, e.g., Matter of Jose L. I., supra*, at 1026).

Mercure, Casey, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed that respondent pay two thirds of the child's college expenses, and, as so modified, affirmed.