■ In the Matter of SASHA S., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Appellant; DORSHA S., Respondent. DERRICK M., Proposed Intervenor-Appellant. (Matter No. 1.) In the Matter of DERRICK M., Appellant, v DORSHA S., Respondent, and ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent-Appellant. (Matter No. 2.) [682 NYS2d 99] —In a neglect proceeding pursuant to Family Court Act article 10 and a related child custody proceeding pursuant to Family Court Act article 6, which were consolidated for the purpose of disposition, the father and the Administration for Children's Services separately appeal from an order of disposition of the Family Court, Kings County (McLeod, J.), dated September 19, 1997, which placed the child with the

Administration for Children's Services and directed that she reside with the maternal aunt.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.

It is well settled that parental rights are not subject to curtailment in this State absent a meaningful opportunity to be heard, which necessarily entails the assistance of counsel (*see, Matter of Radjpaul v Patton,* 145 AD2d 494; *Matter of Patricia L. v Steven L.,* 119 AD2d 221). That right includes the party's entitlement to have counsel present from the time of his or her appearance in the proceeding (*see, Matter of Alexander L.,* 60 NY2d 329, 335; *Matter of Radjpaul v Patton, supra,* at 497; *Matter of Patricia L. v Steven L., supra,* at 224).

Here, after obtaining an order of filiation, the father appeared in court several times during the dispositional hearings, seeking custody of his infant daughter, Sasha S. Although the father was not a named respondent in the neglect petition, the court erroneously concluded that he was not a party, and despite the urging of counsel for the other parties, failed to advise him of his right to counsel, or if financially unable, the right to have counsel assigned (*see,* Family Ct Act § 262 [a] [v]). This right, accorded by statute, is so important that the failure to advise a party thereof is reversible error (*see, Matter of Patricia L. v Steven L., supra,* at 224). Accordingly, the matter is remitted to the Family Court, Kings County, to advise the father of his right to counsel, and, if appropriate, to assign counsel, following which a new dispositional hearing in the neglect proceeding and a "full and fair hearing" with findings of fact in the custody proceeding shall be held (*Matter of Patricia L. v Steven L.,* 119 AD2d 221, 226, *supra; see, Mosesku v Mosesku,* 108 AD2d 795; *Corso v Corso,* 48 AD2d 652).

In light of this determination, we need not reach the parties' remaining contentions. Rosenblatt, J. P., Santucci, Friedmann and McGinity, JJ., concur.