■ In the Matter of RICHARD KIVLER, Respondent, v MELANIE OLCZAK, Appellant. [692 NYS2d 549] —Order unanimously affirmed without costs. Memorandum: Respondent appeals from an order of Family Court that granted the petition for modification of a prior custody order and awarded custody of the two children of the parties to petitioner. Petitioner sought sole custody of the children, then ages seven and nine, upon learning that respondent's husband had severely beaten them. The court issued a temporary order awarding petitioner custody of the children and a hearing was held. Respondent and her husband admitted that respondent's husband had beaten the children, and he expressed remorse for his actions. Respondent was not at home at the time of the beating. When she discovered what had occurred, she had her husband removed from the home and obtained an order of protection against him. At the time of trial, respondent's husband was living in a separate apartment and was not present when respondent exercised visitation with the children. Respondent, however,

did not testify that she intended to separate from her husband on a permanent basis.

In granting the petition to change custody, the court took judicial notice of the fact that in 1993, before respondent and her husband married, the Erie County Department of Social Services commenced a neglect proceeding against them as a result of corporal punishment that respondent's husband had inflicted on the children. Respondent's husband admitted to neglecting the children by virtue of the physical violence and respondent admitted to neglect without fault. An order of protection was entered in favor of the children that specifically forbade any corporal punishment. The court noted that the same issue has arisen five years later and concluded therefrom that respondent's husband has demonstrated that he cannot be trusted to alter his behavior despite his promises to do so. The court expressed little confidence in respondent's ability to protect the children, noting that respondent and her husband had given no indication that they intend to separate or divorce. The court stated: "It is unrealistic to think that [respondent's husband] will remain away from the home at all times the children are there."

"Because Family Court has an opportunity to assess the credibility of the witnesses, deference is accorded to the factual findings of Family Court and these findings will not be disturbed absent a determination that they lack a sound and substantial basis in the record" (*Matter of Alice A. v Joshua B.,* 232 AD2d 777, 779). We agree with the court's conclusion that there were countervailing circumstances to justify modification of the prior custody arrangement (*see, Matter of Ammann v Ammann,* 209 AD2d 1032, 1033). Respondent and the Law Guardian note that the children expressed the desire to live with respondent, and that petitioner's live-in girlfriend did not testify at the hearing. It is troubling that the court was not provided an opportunity to evaluate whether petitioner's girlfriend is an appropriate guardian of the children. The evidence presented at the hearing, however, indicated only minor complaints by the children against her, such as her use of vulgar language during arguments with their father and the fact that she smokes. There were no allegations of corporal punishment being inflicted upon the children in petitioner's home while there was admitted excessive corporal punishment being inflicted upon the children in respondent's home.

There is evidence that the children were experiencing adjustment problems when custody was transferred from respondent to petitioner. Those problems, however, were being addressed

by petitioner and his girlfriend. The family was attending counseling sessions, and petitioner's girlfriend had become involved in Girl Scouts with one of the children. We agree with the court that those adjustment problems are minor when compared to the serious abuse suffered by the children in respondent's home. (Appeal from Order of Erie County Family Court, Townsend, J.—Custody.) Present—Pine, J. P., Hayes, Pigott, Jr., Hurlbutt and Callahan, JJ.