■ In the Matter of REGINALD WINSLOW, Appellant, v BURNETTE LOTT, Respondent. [707 NYS2d 481] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Croiter, Ref.), dated October 30, 1998, as awarded custody of the two daughters of the parties to the mother.

Ordered that the order is affirmed insofar as appealed from, without costs and disbursements.

The Family Court properly weighed all of the relevant factors in determining this custody dispute. Although there was evidence that the father was a good parent, the court determined that it was in the best interest of the children to remain with their mother, who was more sensitive to their emotional needs and likely to encourage their relationship with their father. In addition, the girls are very attached to their stepsiblings with whom they have lived for their entire lives. The Family Court is in the best position to evaluate the testimony, character, temperament, and sincerity of the parties, and its findings are entitled to great weight. Since the Family Court's determination has a sound and substantial basis in the record, it will not be disturbed (*see, Matter of Louise E. S. v W. Stephen S.,* 64 NY2d 946; *Klat v Klat,* 176 AD2d 922; *Matter of Coyne v Coyne,* 150 AD2d 573). Bracken, J. P., Sullivan, Altman and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL ABRAMS, Appellant. [707 NYS2d 370] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Flaherty, J.), rendered July 27, 1994, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, the defendant was not deprived of his Sixth Amendment right to counsel during his sentencing (*see, People v Baldi,* 54 NY2d 137; *cf., People v Felder,* 47 NY2d 287). Mangano, P. J., Bracken, S. Miller and Goldstein, JJ., concur.