■ In the Matter of REGINALD WINSLOW, Appellant, v BUR-NETTE LOTT, Respondent. [744 NYS2d 873] —In a related child custody and visitation proceedings pursuant to Family Court Act article 6, the father appeals, as limited by his brief, from so much of an order of the Family Court, Queens County (Croiter, R.), dated October 30, 2000, as, after a hearing, denied those branches of his supplemental petitions which were for a change in custody.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

After the initial custody hearing, the Family Court awarded custody of the parties' two daughters to their mother, with liberal visitation to their father. The custody award was subsequently affirmed on appeal (see Matter of Winslow v Lott, 272 AD2d 406). While the appeal was pending, the father filed three supplemental petitions, alleging, inter alia, that the mother interfered with his visitation rights and neglected the children's emotional, educational, and medical needs. In addition, the father sought a modification of the custody order based on a change in circumstances, stemming primarily from the mother's recent marriage to another man. After a protracted hearing, the Family Court concluded that the father failed to prove that there was a sufficient change in circumstances to warrant a change in custody. The Family Court's determination to continue the present custody arrangement is amply supported by the record and should not be disturbed.

In a proceeding to modify a custody award, the court's paramount concern is to determine, based on the totality of the circumstances, whether a modification in custody is in the best interests of the child (see Matter of Fialkowski v Gilroy, 200 AD2d 668; Matter of Ellen K. v John K., 186 AD2d 656, 657). Toward that end, the courts often consider several factors, of varying degrees of importance, including (1) the original placement of the child, (2) the length of the placement, (3) the child's preference, (4) the relative fitness of the parents, (5) the quality of the home environment, (6) the parental guidance given to the child, (7) the parent's financial status, (8) the parent's ability to provide for the child's emotional and intellectual development, and (9) the presence of sibling relationships (see Eschbach v Eschbach, 56 NY2d 167; Kuncman v Kuncman, 188 AD2d 517).

As a general rule, a party seeking a change of custody bears a heavy burden of proving that the contemplated change is in the child's best interest (see Collins v Collins, 115 AD2d 979). The courts will not alter a custody arrangement unless the

noncustodial parent demonstrates that there is "a sufficient change of circumstances which show[s] a real need to effect a change in order to insure the best interest and welfare of the child" (*McCauliffe v Peace,* 176 AD2d 382, 383).

In the present case, the Family Court weighed all of the relevant factors and properly determined that it was in the best interests of the children to remain in the custody of their mother. The record clearly supports the Family Court's conclusion that the father's allegations of neglect were not sustained.

The father's remaining contentions are without merit. Goldstein, J.P., McGinity, Adams and Townes, JJ., concur.