In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from (1) so much of an order of the Family Court, Queens County (Clark, J.), dated June 11, 2002, as, after a hearing, awarded permanent custody of the parties’ son Joseph to the father, and (2) so much of an order of the same court dated November 19, 2002, as, after a hearing, awarded permanent custody of the parties’ son Robert to the father.
Ordered that the orders are reversed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Queens County, for a new hearing and further proceedings consistent herewith; and it is further,
Ordered that pending the hearing and new determination by the Family Court, Queens County, custody of the children shall remain with the father, and the mother shall have visitation as prescribed in the order dated June 11, 2002.
On December 10, 2001, the mother indicated to the Family Court that she was dissatisfied with her assigned counsel and was retaining private counsel. On that same date, the Family Court, without objection, granted the application of the mother’s assigned counsel to be relieved as counsel. However, on January 2, 2002, the mother informed the Family Court that she could not afford to retain private counsel and that she did not wish to proceed pro se. The Family Court did not assign new counsel. The mother represented herself at the fact-finding hearing, conducted on May 8, 2002, and June 11, 2002, as to the father’s custody petition. After the hearing, the Family Court made a custody determination based primarily upon the recommendation of the court-appointed clinical psychologist. The Family Court, inter alia, awarded custody of the parties’ child Joseph to the father.
The Family Court erred in declining to assign new counsel to represent the mother, and the mother was prejudiced by being compelled to proceed pro se. At the fact-finding hearing on May 8, 2002, and June 11, 2002, she was unable to effectively cross-examine the father and, most significantly, she was unable to challenge the report and testimony of the court-appointed clinical psychologist. She was also unable to present her own case in *370 the most favorable light. Therefore, the order dated June 11, 2002, awarding the father custody of the parties’ son Joseph must be reversed (see Matter of Patricia L. v Steven L., 119 AD2d 221 [1986]; cf. Matter of Sasha S., 256 AD2d 468, 469 [1998]).
Furthermore, although the mother was represented by assigned counsel regarding the father’s subsequent amended petition for custody of the parties’ child Robert, the Family Court based its determination of that amended petition on evidence presented at the fact-finding hearing held on May 8, 2002, and June 11, 2002. Accordingly, the Family Court’s November 19, 2002, order as to that child must be reversed.
A new hearing must be held with respect to both children. Krausman, J.E, McGinity, Cozier and Rivera, JJ., concur.