# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**48**
**CAF 12-00097**
PRESENT: SCUDDER, P.J., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF LONNIE BOWIE,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

ERIE COUNTY CHILDREN'S SERVICES,
RESPONDENT-RESPONDENT.

---

DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR PETITIONER-APPELLANT.

JOSEPH T. JARZEMBEK, BUFFALO, FOR RESPONDENT-RESPONDENT.

DAVID C. SCHOPP, ATTORNEY FOR THE CHILD, THE LEGAL AID BUREAU OF
BUFFALO, INC., BUFFALO (CHARLES D. HALVORSEN OF COUNSEL), FOR LONNIE
B.

-------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Patricia
A. Maxwell, J.), entered December 15, 2011 in a proceeding pursuant to
Family Court Act article 6.  The order denied the petition for sole
custody.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  Petitioner father appeals from an order denying his
petition seeking sole custody of his son.  The child previously was
found to be an abandoned child in a proceeding pursuant to Social
Services Law § 384-b seeking to terminate the parental rights of the
child's mother and was placed in respondent agency's custody.  The
father was determined to be a "notice father" in connection with that
proceeding, i.e., he was entitled to notice of an adoption of the
child pursuant to Domestic Relations Law § 111-a (*see* Social Services
Law § 384-b [12]).  The father's contention that Family Court erred in
characterizing him as a "notice father" rather than a "consent father"
is not properly before us.  We note, in any event, that the father
failed to establish that he had a substantial relationship with the
child such that his consent to an adoption as an unwed father would be
required pursuant to Domestic Relations Law § 111 (1) (d) (*see Matter
of Raquel Marie X.*, 76 NY2d 387, 394; *Matter of Jayden C. [Michelle
R.]*, 82 AD3d 674).

The father's further contention that respondent failed to comply
with Family Court Act §§ 1017 and 1021 by using its best efforts to
promote the father's relationship with his child also is not properly

before us on this appeal. Those sections of the Family Court Act are applicable when a child is initially removed from a parent's custody, and thus they are not applicable in the instant proceeding. Finally, the court properly denied petitioner's custody petition (*see generally Matter of Ammann v Ammann*, 209 AD2d 1032, 1033).

Entered: April 26, 2013

Frances E. Cafarell
Clerk of the Court