■ MINJIN LEE, Respondent, v JIANCHUANG XU, Appellant. [16 NYS3d 300]—

Appeal from a judgment of the Supreme Court, Queens County (Rudolph E. Greco, Jr., J.), entered April 4, 2014. The judgment, insofar as appealed from, after a nonjury trial, awarded the plaintiff sole legal and residential custody of the parties' child and failed to award the defendant a credit in the sum of $27,000 for the equitable distribution of marital property.

Ordered that the judgment is reversed insofar as appealed from, on the law and the facts, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, and the entry of an appropriate amended judgment thereafter; and it is further,

Ordered that pending a new determination of custody of the parties' child, sole legal and residential custody of the parties' child shall remain with the plaintiff.

The plaintiff mother commenced this action against the defendant father for a divorce and ancillary relief. Each of the parties sought sole custody of their child. At a nonjury trial held on the issues of, inter alia, custody and equitable distribution of marital property, the defendant requested a credit in the sum of $27,000 for a loan which he stated he had made to the plaintiff. In response, the court stated, "I'm declining to rule on that," and proceeded to issue a judgment which, among other things, awarded the plaintiff sole legal and residential custody of the parties' child and failed to award the defendant a credit in the sum of $27,000 for the equitable distribution of martial property. The defendant appeals from those portions of the judgment.

"The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances" (*Matter of James M. v Kevin M.*, 99 AD3d 911, 912-913 [2012]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]; *Eschbach v Eschbach*, 56 NY2d 167, 172 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 96 [1982]). When reaching a custody determination, the factors to be considered include " 'the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent' " (*Matter of Maraj v Gordon*, 102 AD3d 698, 698 [2013] [internal quotation marks omitted], quoting *Matter of Berrouet v Greaves*, 35 AD3d 460, 461 [2006]).

"Since the court has an obligation to make an objective and independent evaluation of the circumstances, a custody determination should be made only after a full and fair hearing at which the record is fully developed" (*Matter of Peek v Peek*, 79 AD3d 753, 754 [2010] [citations omitted]; *see Matter of Mandal v Mandal*, 113 AD3d 769, 770 [2014]). This allows the court to "fulfill its duty to make 'an enlightened, objective and independent evaluation of the circumstances' " (*Mosesku v Mosesku*, 108 AD2d 795, 795 [1985], quoting *Matter of Ehrlich v Ressner*, 55 AD2d 953, 954 [1977]).

"[A]s a general rule, it is error to make an order respecting custody based upon controverted allegations without the benefit of a full hearing" (*Matter of Mandal v Mandal*, 113 AD3d at 770; *see Matter of Goldfarb v Szabo*, 130 AD3d 728, 728 [2015]; *Matter of Peek v Peek*, 79 AD3d at 754). Here, the Supreme Court, after holding "extensive" in camera discussions with counsel on the issues of excessive corporal punishment and parental alienation, refused to allow testimony on these controverted issues, stating that they were "sporadic and inconsequential." Instead, the Supreme Court directed that only "positive" aspects of the parties' parenting be presented on the record. This was error, since the court cannot base a significant portion of its decision on off-the-record conferences (*see Matter of Ehrlich v Ressner*, 55 AD2d at 953-954).

For these reasons, a new trial is required concerning the custody of the child, during which the issue of the best interests of the child is to be more fully examined. Until such trial is held and a decision rendered, the custody of the child shall remain with the plaintiff. We express no opinion as to which

party should be awarded custody. The trial should be held with all convenient speed, and the Supreme Court should make specific findings with regard to all of the contentions presented on the issue of custody.

Finally, the defendant's application for the repayment of a $27,000 loan to the plaintiff to be included as a credit in his favor for the purpose of equitable distribution was not decided by the Supreme Court. As a result, that issue remains pending and undecided, is not properly before this Court, and should be decided by the Supreme Court on remittal (*see Boster-Burton v Burton*, 73 AD3d 671, 673 [2010]; *Katz v Katz*, 68 AD2d 536, 542-543 [1979]).

Accordingly, we remit the matter to the Supreme Court, Queens County, for a new trial on all of the issues pertaining to custody of the parties' child and for a determination of the defendant's application for a credit in the sum of $27,000 for the purpose of equitable distribution, and the entry of an appropriate amended judgment thereafter. Mastro, J.P., Austin, Roman and Sgroi, JJ., concur.