Matter of Ledbetter v Singer (2018 NY Slip Op 04727)





Matter of Ledbetter v Singer


2018 NY Slip Op 04727


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-08621
 (Docket Nos. V-4865-15, V-4866-15, V-4867-15)

[*1]In the Matter of Thomas A. Ledbetter, respondent,
v
Woodlyne Singer, appellant.


Schulte Roth & Zabel LLP, New York, NY (Taleah E. Jennings, Cara David, Thomas P. DeFranco, and Sadie H. Diaz of counsel), for appellant.
Robert Marinelli, New York, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Lee Tarr and Janet Neustaetter of counsel), attorney for the children.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals, by permission, from an order of the Family Court, Kings County (Sharon A. B. Clarke, J.), dated August 10, 2017. The order granted the father's motion for temporary custody of the parties' children pending a final determination of the proceeding. By decision and order on motion of this Court dated October 17, 2017, enforcement of the order dated August 10, 2017, was stayed pending either the hearing and determination of the appeal or a final determination of the proceeding by the Family Court.
ORDERED that the order dated August 10, 2017, is reversed, on the law and the facts, without costs or disbursements, the father's motion for temporary custody of the parties' children is denied, and the matter is remitted to the Family Court, Kings County, for the completion, with all convenient speed, of the hearing on custody and a determination of the father's petition for sole custody of the children.
The father commenced this proceeding against the mother seeking sole custody of their children. The Family Court commenced a hearing and, prior to the completion of the hearing, in an order dated August 10, 2017, granted the father's motion for temporary custody of the children pending a final determination of the proceeding.
"The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances" (Matter of James M. v Kevin M., 99 AD3d 911, 912-913; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381; Eschbach v Eschbach, 56 NY2d 167, 172). Since a court has an obligation to make an objective and independent evaluation of the circumstances, a custody determination should be made only after a full and fair hearing at which the record is fully developed (see Minjin Lee v Jianchuang Xu, 131 AD3d 1013; Matter of Peek v Peek, 79 AD3d 753, 754). This allows the court to "fulfill its duty to make an enlightened, objective and independent evaluation of the circumstances" (Minjin Lee v Jianchuang Xu, 131 AD3d at 1014 [internal quotation marks omitted]; see Mosesku v Mosesku, 108 AD2d 795, 795; Matter of Ehrlich v Ressner, 55 AD2d 953, 954).
"[A]s a general rule, it is error to make an order respecting custody based upon controverted allegations without the benefit of a full hearing" (Minjin Lee v Jianchuang Xu, 131 at 1014 [internal quotation marks omitted]; see Matter of Goldfarb v Szabo, 130 AD3d 728, 728; Matter of Mandal v Mandal, 113 AD3d 769, 770).
Here, the Family Court erred in granting the father's motion for temporary custody prior to a final determination of the proceeding. The mother had not completed presenting her evidence and there were many controverted issues. Accordingly, the order must be reversed, the father's motion denied, and the matter remitted to the Family Court, Kings County, for the completion of the hearing on custody and a determination of the father's petition for sole custody of the children.
CHAMBERS, J.P., AUSTIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court