Matter of Pinto v Pinto (2019 NY Slip Op 08195)





Matter of Pinto v Pinto


2019 NY Slip Op 08195


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2018-06616
 (Docket Nos. V-3289-16/16C, 16/D, 17G, 17H, V-3290-16/16C, 16D, 17G, 17H)

[*1]In the Matter of Ima Pinto, respondent,
v
Joao Pinto, appellant.


Joan Iacono, Bronxville, NY, for appellant.
BodnarMilone LLP, White Plains, NY (Erik Kristensen of counsel), for respondent.
Robin D. Carton, White Plains, NY, attorney for the child L. P.
Thea S. Beaver, Mamaroneck, NY, attorney for the child A. P.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Hal B. Greenwald, J.), dated May 1, 2018. The order, insofar as appealed from, after a hearing, granted that branch of the mother's amended petition which was to modify a prior order of custody of the same court (Mary Anne Scattaretico-Naber, J.) dated April 11, 2013, so as to award her sole legal and physical custody of the parties' daughter and permit her to relocate with that child to the State of Washington.
ORDERED that the order dated May 1, 2018, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for the completion, with all convenient speed, of the hearing on that branch of the mother's amended petition which was to modify the order of custody dated April 11, 2013, so as to award her sole legal and physical custody of the parties' daughter and permit her to relocate with that child to the State of Washington, and a new determination thereafter of that branch of the mother's amended petition.
The mother commenced this proceeding against the father seeking to modify a prior order of custody so as to award her sole legal and physical custody of the parties' two children and permit her to relocate with both children to the State of Washington. The Family Court commenced a hearing and, prior to the completion of the hearing, in an order dated May 1, 2018, inter alia, modified the prior order so as to award the father sole legal and physical custody of the parties' son and so as to award the mother sole legal and physical custody of the parties' daughter and permit her to relocate with the daughter to the State of Washington. The father appeals.
"The paramount concern in any custody . . . determination is the best interests of the child, under the totality of the circumstances" (Matter of James M. v Kevin M., 99 AD3d 911, 912-913; see Matter of Wilson v McGlinchey, 2 NY3d 375, 380-381; Eschbach v Eschbach, 56 NY2d 167, 172; Matter of Ledbetter v Singer, 162 AD3d 1031, 1031). "Since a court has an obligation to make an objective and independent evaluation of the circumstances, a custody [*2]determination should be made only after a full and fair hearing at which the record is fully developed" (Matter of Ledbetter v Singer, 162 AD3d at 1031-1032; see Minjin Lee v Jianchuang Xu, 131 AD3d 1013; Matter of Peek v Peek, 79 AD3d 753, 754; see also Matter of Smith v Anderson, 137 AD3d 1505, 1507). "This allows the court to fulfill its duty to make an enlightened, objective and independent evaluation of the circumstances'" (Matter of Ledbetter v Singer, 162 AD3d at 1032, quoting Minjin Lee v Jianchuang Xu, 131 AD3d at 1014; see Mosesku v Mosesku, 108 AD2d 795, 795; Matter of Ehrlich v Ressner, 55 AD2d 953, 954). " [A]s a general rule, it is error to make an order respecting custody based upon controverted allegations without the benefit of a full hearing'" (Matter of Ledbetter v Singer, 162 AD3d at 1032, quoting Minjin Lee v Jianchuang Xu, 131 AD3d at 1014; see Matter of Goldfarb v Szabo, 130 AD3d 728, 728; Matter of Mandal v Mandal, 113 AD3d 769, 770).
Here, where there were many controverted issues, the Family Court should not have awarded the mother sole custody of the parties' daughter and permitted her to relocate with the daughter prior to completing the hearing. The father had not had the opportunity to present a case and was deprived of the opportunity to cross-examine a key witness called by the mother. Moreover, the court failed to give proper consideration to the effect that the daughter's relocation from New York to the State of Washington would have on the relationship between the siblings, especially given the mother's stated willingness to remain in New York (see Eschbach v Eschbach, 56 NY2d at 173; Matter of Agyapon v Zungia, 150 AD3d 1226, 1228; Matter of Winslow v Lott, 295 AD2d 620, 620; Matter of Fialkowski v Gilroy, 200 AD2d 668, 669). Accordingly, we remit the matter to the Family Court, Westchester County, for the completion of the hearing on that branch of the mother's amended petition which was to modify the prior order of custody so as to award her sole legal and physical custody of the parties' daughter and permit her to relocate with that child to the State of Washington, and a new determination thereafter of that branch of the mother's amended petition.
CHAMBERS, J.P., MALTESE, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court