■ CATHERINE AUDUBON, Respondent, v JOSEPH W. AUDUBON, Appellant.—In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Queens County (Bianchi, J.), dated February 18, 1987, which, after a hearing, denied his motion for joint custody of the parties' children pendente lite and for joint possession of the marital residence.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for a new hearing and determination, pending which the plaintiff shall retain custody of the infant children and visitation shall continue in accordance with a prior order of the Supreme Court, Queens County (Glass, J.), dated June 18, 1986.

Where, as here, the parents are antagonistic towards each other and have demonstrated an inability to cooperate on matters concerning the children, joint custody is inappropriate (see, Bliss v Ach, 56 NY2d 995; Braiman v Braiman, 44 NY2d 584). Thus, the Supreme Court properly rejected the defendant's claim that joint custody should be granted. Nevertheless, reversal is warranted because this court has "consistently enforced the requirement that custody determinations should be made only after a full and fair hearing * * * at which the record is fully developed" (see, Matter of Patricia L. v Steven L., 119 AD2d 221, 226; see, e.g., Mosesku v Mosesku, 108 AD2d

795; *Corso v Corso,* 48 AD2d 652). This is done in recognition of the fact that a child whose custody is disputed is a ward of the court *(see, Anonymous v Anonymous,* 34 AD2d 942) and the court has a duty to make "an enlightened, objective and independent evaluation of the circumstances" *(Matter of Ehrlich v Ressner,* 55 AD2d 953, 954). Although joint custody in this case would be inappropriate, in view of the serious nature of the defendant's allegations against the plaintiff, which were to some extent corroborated by the children's testimony, the court had a duty to "become aware of and to seek out every bit of relevant evidence and advice on the subject" in order to determine the best interest of the children *(Anonymous v Anonymous, supra,* at 942). Thus, upon remittal, the court should avail itself of the services of the Probation Department or some other appropriate agency in order to have the parties and the children submit to forensic examinations *(see, Kesseler v Kesseler,* 10 NY2d 445, *stay denied* 11 NY2d 721, *mot to amend remittitur granted* 11 NY2d 716; *Waldman v Waldman,* 95 AD2d 827). Accordingly, there should be a new hearing in this matter to determine the best interests of the children. In the interim, the custody of the children shall continue with the plaintiff. We additionally note that the court should make specific findings of fact with respect to the issue of custody *(see, Mosesku v Mosesku, supra).* Such findings were neither placed on the record nor incorporated in the order appealed from.

Since there must be a new determination on the question of custody, there should also be a new determination with respect to whether the plaintiff is entitled to exclusive possession of the marital residence. Thompson, J. P., Brown, Eiber and Sullivan, JJ., concur.