■ JEROLD B. TRACH, Respondent, v ROCHELLE L. TRACH, Appellant.—In an action for a divorce and ancillary relief, the defendant wife appeals from (1) stated portions of a judgment of the Supreme Court, Queens County (Modugno, J.H.O.), dated May 25, 1988, which, after a nonjury trial, *inter alia,* (a) awarded the plaintiff husband custody of the parties' infant son, (b) limited the award of maintenance to her to $100 per week for one year, and awarded her child support for the parties' infant daughter in the sum of only $100 per week, and (2) an order of the same court (Leahy, J.), dated October 31, 1988, which denied her motion, *inter alia,* to recover the sum of $11,978.93 from the plaintiff husband and his attorney in connection with additional moneys allegedly owed her in connection with the sale of the marital residence.

Ordered that the judgment is modified, on the law, by

deleting the second, third, and fourth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Queens County, for a new hearing and determination before a different trier of fact as to the issues of child custody, maintenance, child support and equitable distribution based upon findings of fact in compliance with Domestic Relations Law § 236 (B) (6) (a) (6) and (B) (7) (b) and in accordance herewith; and it is further,

Ordered that the order dated October 31, 1988, is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new hearing and determination of the defendant's motion for leave to enter a judgment against the plaintiff and his attorney for the sum of $11,978.93 before a different trier of fact in accordance herewith; and it is further,

Ordered that pending the determination by the Supreme Court, Queens County, as to the issues of child custody, maintenance, and child support, each child shall remain with the parent the child is presently with and the plaintiff shall continue to pay the defendant maintenance and child support as set forth in the judgment appealed from; and it is further

Ordered that the defendant is awarded one bill of costs.

It is well established that the number one priority in every child custody dispute is the best interests of the child (see, Domestic Relations Law § 70; Eschbach v Eschbach, 56 NY2d 167) and that such a determination should only be made after a full and fair hearing, since the court has an obligation to make " 'an enlightened, objective and independent evaluation of the circumstances' " (Audubon v Audubon, 138 AD2d 658, 659). In the instant case, the Hearing Officer gave each party custody of one of the children of the marriage without fully developing the record as to whether such a determination was in the infants' best interests. After holding a new hearing, the court shall make specific findings of fact with respect to its custody determination (see, Robert C. R. v Victoria R., 143 AD2d 262).

We also remit this case for a new determination on the issues of maintenance, child support and equitable distribution. The court should have granted the defendant's application to strike the plaintiff's note of issue, which had not been properly served. Further, at the time the note of issue was purportedly served, the parties were not ready for trial. The defendant had not completed her discovery and had not been given a reasonable opportunity to do so, as the note of issue

was apparently filed within four months of the joinder of issue. It is of particular importance that the defendant was awaiting the appraisal of the marital residence and the valuation of the plaintiff's pension, which are the only marital assets of any economic significance. It is notable that the judgment appealed from failed to even provide for a distributive award of the plaintiff's pension. In addition to the above omissions, the court also failed to set forth the factors it considered and the reasons for its determination with regard to the defendant's requests for maintenance, child support and equitable distribution (see, Domestic Relations Law § 236 [B] [5] [g]; [6] [b]; [7] [b]; Chasnov v Chasnov, 131 AD2d 624; Gainer v Gainer, 100 AD2d 533).

Contrary to the determination of the Supreme Court, the defendant was not a signatory to the so-called "Possession Agreement" entered into between the plaintiff and the purchaser of the marital residence, and there is no evidence in the record that she consented to the agreement. However, since the defendant has clearly had the benefit of the continued possession of the residence after the closing date, the matter must be remitted to the Supreme Court, Queens County, for a new determination as to the defendant's share of the expenses in connection therewith. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.