■ MARY K. TERCEIRA, Respondent, v RONALD P. TERCEIRA, Appellant. [598 NYS2d 983] —In an action for divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated April 6, 1991, as directed the husband to pay the sum of $150 per week in *pendente lite* child support.

Ordered that the order is affirmed insofar as appealed from, with costs.

Under the circumstances of this case, the best remedy for the perceived inequities in the *pendente lite* award is a speedy trial at which the disputed issues as to the financial capacity and circumstances of the parties can be fully explored *(see, Mulcahy v Mulcahy,* 170 AD2d 587; *Marohn v Marohn,* 157 AD2d 771; *Frankel v Frankel,* 150 AD2d 520). Thompson, J. P., Sullivan, Miller, Ritter and Santucci, JJ., concur.

■ SANDRA C. WALKER, Respondent, v STEPHEN J. WALKER, Appellant. [597 NYS2d 711] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated October 19, 1990, which, after a hearing, granted temporary custody of the parties' three children to the plaintiff wife.

Ordered that the order is affirmed, with costs.

The primary concern in a custody determination is the best interests of the children. The evaluation of the factors which enter into a custody determination is best made by the hearing court, which has had the opportunity to assess the evidence and credibility of the parties *(see,* Domestic Relations Law § 70; *Eschbach v Eschbach,* 56 NY2d 167, 171; *Friederwitzer v Friederwitzer,* 55 NY2d 89, 93-95; *Trach v Trach,* 162 AD2d 678; *Mary M. v Albert M.,* 154 AD2d 354; *Robinson v Robinson,* 111 AD2d 316).

We find that the Supreme Court's determination awarding temporary custody to the plaintiff mother, while allowing the defendant father liberal visitation rights, was amply supported by the record and did not constitute an improvident exercise of discretion. Miller, J. P., O'Brien, Copertino and Joy, JJ., concur.