■ Monovar Enterprises Suffolk, Inc., Respondent, v James Calcanes, Appellant. [628 NYS2d 543] —In an action to recover damages for breach of contract, the defendant appeals from an order of the Supreme Court, Nassau County (Robbins, J.), dated March 23, 1994, which granted the plaintiff's motion for leave to amend its complaint.

Ordered that the order is affirmed, with costs.

Since the proposed amendments to the plaintiff's complaint would not create prejudice or surprise, the Supreme Court did not improvidently exercise its discretion in granting the plaintiff leave to amend *(see,* CPLR 3025 [b]; *Corsale v Pantry Pride Supermarket,* 197 AD2d 659; *Barbour v Hospital for Special Surgery,* 169 AD2d 385). O'Brien, J. P., Ritter, Pizzuto and Florio, JJ., concur.

■ Donald Patanjo, Appellant, v Virginia Patanjo, Respondent. [628 NYS2d 736] —In an action for a divorce and ancillary relief, the plaintiff husband appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Suffolk County (Dunn, J.), dated June 30, 1994, as granted that branch of the defendant wife's motion which was for pendente lite maintenance, awarded her maintenance of $792 per week, and denied in part his motion for an accounting.

Ordered that the order is affirmed insofar as appealed from with costs.

In this case, the best remedy for the perceived inequity in the court's pendente lite maintenance award is a speedy trial at which the husband's claim that the award places an undue burden on the parties' marital estate can be fully explored *(see, Terceira v Terceira,* 193 AD2d 729).

Further, the husband's demand for an accounting of the wife's alleged dissipation or secretion of marital assets during the marriage is properly left to the trial and pretrial discovery *(see,* Domestic Relations Law § 236 [B] [4]). Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.