■ In the Matter of ERIC KLANG, Respondent, v SANDRA KLANG, Appellant. [652 NYS2d 312] —In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of an order of the Family Court, Kings County (Martinez, J.), dated October 27, 1995, as awarded permanent custody of the parties' four children to the father.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing and a new determination with findings of fact. The father shall retain custody of the children pending the new determination and visitation shall be in accordance with the visitation provided in the order appealed from.

" 'As a general rule, it is error as a matter of law to make an order respecting custody based on controverted allegations without having had the benefit of a full hearing in order to resolve those factual issues which develop from conflicting affidavits' " *(Robert C. R. v Victoria R.,* 143 AD2d 262, 264, quoting *Biagi v Biagi,* 124 AD2d 770, 771). Moreover, " 'priority in a custody dispute should be given to the first parent who was awarded custody * * * by voluntary agreement' " and the court should not thereafter transfer custody without a hearing *(Robert C. R. v Victoria R., supra,* at 264, quoting *Richman v Richman,* 104 AD2d 934, 935). Here, the parties stipulated in their judgment of divorce that the mother was to have custody of the children.

In view of the controverted allegations in this case, the court improvidently exercised its discretion in awarding custody of the children to the father without conducting a factual hearing to determine the fundamental issue of the best interests of the children *(see, Hizme v Hizme,* 212 AD2d 580; *Matter of Goodwin v Goodwin,* 193 AD2d 1138; *Trach v Trach,* 162 AD2d 678; *Audubon v Audubon,* 138 AD2d 658). The father contends that the court's summary resolution of the custody issue was proper because the mother failed to timely comply with the court's direction to complete the forensic examinations by a certain date. Under the circumstances of this case, we find no merit in this contention *(see, Matter of Farrelly-Brew v Moore,* 221 AD2d 1000; *Wodka v Wodka,* 168 AD2d 1000). Rosenblatt, J. P., Sullivan, Altman and Goldstein, JJ., concur.