■ In the Matter of SHAFIQUR R. KHAN, Respondent, v NAJMA B. DOLLY, Appellant. [774 NYS2d 365]—

In a custody proceeding pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of a resettled order of the Family Court, Queens County (DePhillips, J.), dated April 14, 2003, as awarded the father a "final order of custody."

Ordered that the resettled order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, and the matter is remitted to the Fam-

ily Court, Queens County, for an evidentiary hearing to be conducted with all deliberate speed and a new determination based thereon; and it is further,

Ordered that pending a new determination custody of the child shall remain with the father.

The subject child was born on March 29, 1996. Thereafter the parties were divorced. The judgment of divorce awarded the mother custody and the father visitation.

By order dated February 10, 2000, the Family Court, without a hearing, transferred custody from the mother to the father on the ground that the mother was not complying with the visitation provisions of the judgment of divorce. The Family Court, in a separate order also dated February 10, 2000, inter alia, directed preparation and filing of an investigative report, and adjourned the matter to a date certain.

On April 4, 2001, the parties appeared before the Family Court with counsel. During the colloquy, the father alleged that the mother was jeopardizing the child's health and the mother alleged that the father was alienating the child from her. The mother's counsel requested a full hearing. The Family Court continued custody with the father "without prejudice," directed forensic reports, and adjourned the matter to permit counsel to engage in discovery.

On February 7, 2002, the parties again appeared before the Family Court with counsel. The Family Court noted that it had a forensic report from a professional who concluded that the best interest of child was to have custody with the father and visitation with the mother. The mother was advised that the only issue before the court was the issue of visitation and consented to "therapeutic visitation."

The Family Court issued an order dated February 7, 2002, which recited that upon the father's petition pursuant to Family Court article 6 for custody, "on consent, final order of custody to petitioner father and order of visitation for child and mother to be supervised."

Thereafter, the mother moved to resettle the order dated February 7, 2002, to provide that the custody determination was not entered on consent. That motion was granted and the resettled order appealed from dated April 14, 2003, was issued stating that "on the merits, final order of custody to petitioner father and as to the issue of visitation on consent, visitation for child and mother to be supervised." By its terms, the resettled order is a dispositional order with respect to the father's petition for custody. The mother appeals from that custody determination on the ground that she was never afforded a hearing.

The law is well settled that, as a general rule, it is error as a matter of law to make an order respecting custody based upon controverted allegations without the benefit of a full hearing (*see Matter of Hudgins v Goodley,* 301 AD2d 524 [2003]; *Matter of Klang v Klang,* 235 AD2d 476 [1997]). The record contains controverted allegations, inter alia, that the mother was jeopardizing the child's health and the father was alienating the child from his mother. Moreover, reliance upon professional reports without the consent of the parties is impermissible, since such reports contain inadmissible hearsay (*see Wilson v Wilson,* 226 AD2d 711 [1996]; *Matter of Brice v Mitchell,* 184 AD2d 1008 [1992]).

In view of the foregoing, the resettled order appealed from is reversed insofar as appealed from and the matter is remitted to the Family Court, Queens County, for an evidentiary hearing to be conducted with all deliberate speed and a new determination based thereon. Goldstein, J.P., H. Miller, Adams and Cozier, JJ., concur.