■ In the Matter of LING DA CHEN, Respondent, v YUE HUA ZHOU, Appellant. (Proceeding No. 1.) In the Matter of YUE HUA ZHOU, Appellant, v LING DA CHEN, Respondent. (Proceeding No. 2.) [835 NYS2d 281]—

In related child custody proceedings pursuant to Family Court Act article 6, the father appeals from (1) an order of the Family Court, Kings County (Hepner, J.), dated June 14, 2006, which awarded custody of the parties' child to the mother, and (2) an order of the same court also dated June 14, 2006, which dismissed the father's petition for modification of a temporary order of custody and visitation on the ground that the petition failed to state a cause of action.

Ordered that the order awarding custody of the child to the mother is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for an evidentiary hearing to be conducted with all deliberate speed and a new determination based thereon; and it is further,

Ordered that pending a new determination, custody of the child shall remain with the mother; and it is further,

Ordered that the appeal from the order dismissing the father's modification petition is dismissed as academic, without costs and disbursements.

As a general rule, it is error as a matter of law to make an order respecting custody based upon controverted allegations without benefit of a full hearing (*see Matter of Khan v Dolly,* 6 AD3d 437, 439 [2004]; *Matter of Hudgins v Goodley,* 301 AD2d 524, 524 [2003]; *Matter of Shands v Wooling,* 297 AD2d 348, 348-349 [2002]; *Matter of Klang v Klang,* 235 AD2d 476, 477 [1997]). Further, an award of custody must be based on the

child's best interests upon consideration of the totality of the circumstances (*see Matter of Tropea v Tropea*, 87 NY2d 727, 739 [1996]; *Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Assini v Assini*, 11 AD3d 417, 418 [2004]; *Matter of Wecker v D'Ambrosio*, 6 AD3d 452, 453 [2004]; *Matter of Machado v Del Villar*, 299 AD2d 361, 361 [2002]).

Here, the order of the Family Court awarding custody of the subject child to the mother was based solely on the fact that the father did not file his own custody petition, as did the mother. The Family Court did not conduct a best interests hearing on behalf of the subject child, nor did it make a best interests determination as a basis for awarding custody to the mother. The record contains controverted allegations, inter alia, that the subject child wants only supervised visitation with the father, that the mother does not give the child proper care and attention, and that the mother is alienating the subject child from the father. In view of the foregoing, the order of custody must be reversed and the matter remitted to the Family Court, Kings County, for an evidentiary hearing and a new determination based thereon.

The appeal from the order dismissing the father's modification petition has been rendered academic in light of the subsequent issuance of a final order of supervised visitation and in light of our direction that custody of the child remain with the mother pending a new determination of custody. Rivera, J.P., Dillon, Angiolillo and Dickerson, JJ., concur.