In the Matter of ANGELO ROLDAN et al., Respondents, v MARIBEL NIEVES, Appellant. (Proceeding No. 1.) In the Matter of MARIBEL NIEVES, Appellant, v ANGELO ROLDAN, Respondent. (Proceeding No. 2.) In the Matter of MARIBEL NIEVES, Appellant, et al., Petitioner, v ANGELO ROLDAN et al., Respondents. (Proceeding No. 3.) In the Matter of MARIBEL NIEVES, Appellant, et al., Petitioner, v ANGELO ROLDAN et al., Respondents. (Proceeding No. 4.) [857 NYS2d 716]—

In related child custody and visitation proceedings pursuant to Family Court Act article 6, the mother appeals, as limited by her brief, from so much of (1) an order of the Family Court, Nassau County (Kase, J.), dated June 22, 2006, as, after a hearing, granted the joint petition of the father and paternal grandmother for permanent custody of the subject child and awarded her only supervised visitation, (2) an order of the same court also dated June 22, 2006, as dismissed her three petitions for, inter alia, custody and visitation, and (3) an order of the same court (Aaron, J.), dated December 15, 2006, as, upon her motion to vacate a certain provision of the second order dated June 22, 2006, directed that the custody and visitation provisions of the first order dated June 22, 2006, shall remain in full force and effect.

Ordered that the first order dated June 22, 2006, granting the joint petition of the father and paternal grandmother for permanent custody of the subject child, is reversed insofar as appealed from, on the law and the facts, without costs or disbursements, so much of the order dated December 15, 2006, as directed that the custody and visitation provisions of the first order dated June 22, 2006, shall remain in full force and effect, is vacated, and the matter is remitted to the Family Court, Nassau County, for a de novo hearing on custody to be held in accordance herewith and thereafter for a new determination of the joint petition of the father and paternal grandmother; and it is further,

Ordered that pending the new determination of the petition of the father and paternal grandmother for permanent custody, the father shall have temporary sole custody of the child, and the mother shall have supervised visitation with the child one day per week, with telephone communication every other day; and it is further,

Ordered that the appeal from the second order dated June 22, 2006, dismissing the mother's petitions for, inter alia, custody and visitation, is dismissed as abandoned (see 22 NYCRR 670.8 [e]), without costs or disbursements; and it is further,

Ordered that the appeal from the order dated December 15, 2006, is dismissed as academic, in light of our determination on the appeal from the first order dated June 22, 2006, without costs or disbursements.

"[A]s a general rule, it is error as a matter of law to make an order respecting custody based upon controverted allegations without the benefit of a full hearing" (*Matter of Khan v Dolly*, 6 AD3d 437, 439 [2004]). Furthermore, an award of custody must be based on the child's best interests based upon consideration of the totality of the circumstances (*see Matter of Ling Da Chen v Yue Hua Zhou*, 39 AD3d 753, 753-754 [2007]). Factors to be considered include the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent (*see Matter of Berrouet v Greaves*, 35 AD3d 460, 461 [2006]).

"Since the Family Court's custody determination is largely dependent upon an assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parents, its determination should not be disturbed unless it lacks a sound and substantial basis in the record" (*Matter of Dobbins v Vartabedian*, 304 AD2d 665, 666 [2003]). However, an "appellate court would be seriously remiss if, simply in deference to the finding of a Trial Judge, it allowed a custody . . . determination to stand where it lack[ed] a sound and substantial basis in the record" (*Matter of Grisanti v Grisanti*, 4 AD3d 471, 474 [2004]).

Here, the Family Court's order granting the father and the paternal grandmother permanent custody of the child was made after an abbreviated hearing at which the evidence was insufficient to make an informed best-interests determination. As such, the determination does not have a sound and substantial basis in the record, and cannot stand. The record indicates that the Family Court did not consider the totality of the circumstances in making its determinations with respect to the issue of custody and the child's best interests (*see Matter of Lightbody v Lightbody*, 42 AD3d 537, 537-538 [2007]; *Matter of Ling Da Chen v Yue Hua Zhou*, 39 AD3d 753, 754 [2007]). Rather, the Family Court awarded the father and paternal grandmother custody based on its finding that the mother was frustrating the father's attempts to visit with the child and also based on testimony about the mother's other children, which was insufficient to justify the change in custody (*see Matter of Fallarino v*

*Ayala,* 41 AD3d 714, 715 [2007]). Furthermore, the Family Court erred in awarding the paternal grandmother joint custody of the child against the mother's wishes, as there was no threshold showing of extraordinary circumstances, which is necessary where a nonparent seeks custody (*see Matter of Esposito v Shannon,* 32 AD3d 471, 471-475 [2006]).

Based on the foregoing, we remit this matter to the Family Court, Nassau County, for a de novo hearing on custody, to include the ordering of such forensic evaluations of the parties and the child and home study reports as may be appropriate. The new hearing is to be held with all deliberate speed and it shall continue on a day-to-day basis until completed. Moreover, based upon the evidence of the mother's interference with the father's visitation rights when she had custody of the child, and to avoid shuttling the child back and forth, we find it appropriate for the father to have temporary sole custody of the child pending the new determination, with the mother to have supervised visitation and regular telephone contact with the child.

The mother's remaining contentions either are not properly before the Court or have been rendered academic in light of our determination.

Motion by the appellant on appeals from two orders of the Family Court, Nassau County, both dated June 22, 2006, and an order of the same court dated December 15, 2006, inter alia, to strike stated portions of the respondents' briefs. By decision and order on motion of this Court dated February 14, 2008, that branch of the motion which is to strike stated portions of the respondents' briefs was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the submission of the appeals, it is

Ordered that the branch of the motion which is to strike stated portions of the respondents' briefs is denied as unnecessary in light of the fact that any improper material has not been considered in determining the appeals. Spolzino, J.P., Lifson, Florio and Dickerson, JJ., concur.