■ In the Matter of LEMAR H. FORESTDALE, INC., et al., Respondents; ERVIN H., JR., Appellant. (Proceeding No. 1.) In the Matter of KENMAR H. FORESTDALE, INC., et al., Respondents; ERVIN H., JR., Appellant. (Proceeding No. 2.) [859 NYS2d 736]—In two related proceedings pursuant to Social Services Law § 384-b to terminate the mother's parental rights, the father appeals, as limited by his brief, from so much of two orders of fact-finding and disposition (one as to each child) of the Family Court, Queens County (Richroath, J.), dated March 20, 2007, as, after fact-finding and dispositional hearings, determined, upon his consent, that he was not entitled to notice of the subject children's adoptions pursuant to Domestic Relations Law § 111-a, and that he was not a putative father whose consent to the adoptions was required pursuant to Domestic Relations Law § 111, and transferred guardianship and custody of the subject

children to the petitioner Forestdale, Inc., and the Commissioner of Social Services of the City of New York for the purpose of adoption.

Ordered that the appeals from so much of the orders of fact-finding and disposition as determined that the father was not entitled to notice of the adoptions and that he was not a putative father whose consent to the adoptions was required are dismissed, without costs or disbursements; and it is further,

Ordered that the orders of fact-finding and disposition are affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the orders as determined that the father was not entitled to notice of the adoptions and that his consent to the adoptions was not necessary must be dismissed as those portions of the orders were entered on the father's consent and no appeal lies from an order entered on the consent of the appealing party (*see Matter of Angelique L.,* 42 AD3d 569, 571 [2007]; *Matter of Tyshawn Jaraind C.,* 33 AD3d 488 [2006]).

Contrary to the father's contention, the Family Court properly determined that freeing the subject children for adoption by their maternal grandmother was in their best interests (*see Matter of Kasiem H.,* 230 AD2d 796, 797 [1996]). Spolzino, J.P., Carni, Dickerson and Eng, JJ., concur.