■ In the Matter of CAMELLIA M. NALTY, Appellant, v CLIFTON A. KONG, Respondent. (Proceeding No. 1.) In the Matter of CLIFTON A. KONG, Respondent, v CAMELLIA M. NALTY, Appellant. (Proceeding No. 2.) [874 NYS2d 522]—In related custody proceedings pursuant to Family Court Act article 6, in which the parties respectively sought custody of the subject child, the mother appeals from an order of the Family Court, Nassau

County (Philips, Ct. Atty. Ref.), dated March 26, 2008, which, after a hearing, awarded the parties joint custody of the child.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a new hearing before a different Court Attorney Referee, to be held with all convenient speed, and a new determination thereafter; and it is further,

Ordered that pending the final custody determination, the mother shall have temporary custody of the child, with visitation to the father each week from Tuesday at 3:00 P.M. until Wednesday at 9:00 P.M., and on alternate weekends from Friday at 12:00 noon until Sunday at 6:00 P.M.

An award of custody must be based on the child's best interests (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). Generally, the determination of a custody issue can only be resolved after a full and comprehensive hearing, and a careful analysis of the applicable factors to be considered in determining what custody arrangement will further the child's best interests (*see Obey v Degling*, 37 NY2d 768, 769-770 [1975]; *State ex rel. Hathaway v Baker*, 103 AD2d 762, 762-763 [1984]). Hence, as a general rule, it is error, as a matter of law, to make an order respecting custody based upon controverted allegations without the benefit of a full hearing (*see Matter of Roldan v Nieves*, 51 AD3d 803, 805 [2008]; *Matter of Ling Da Chen v Yue Hua Zhou*, 39 AD3d 753 [2007]; *Matter of Khan v Dolly*, 6 AD3d 437, 439 [2004]; *Matter of Hudgins v Goodley*, 301 AD2d 524 [2003]; *Matter of Benedict v Zimmer*, 296 AD2d 459 [2002]; *Matter of Klang v Klang*, 235 AD2d 476, 477 [1997]). Indeed, a custody determination must have a sound and substantial basis in the record (*see Matter of Roldan v Nieves*, 51 AD3d at 805).

In deciding the parties' petitions for sole custody of the child, the Family Court, faced with controverted allegations, made a custody determination after an abbreviated hearing at which the evidence was insufficient to make an informed "best interests" determination. Under these circumstances, the Family Court's custody determination lacks a sound and substantial basis in the record, and cannot be upheld (*see Matter of Roldan v Nieves*, 51 AD3d at 805; *Matter of Machado v Del Villar*, 299 AD2d 361 [2002]; *State ex rel. Hathaway v Baker*, 103 AD2d at 763). Accordingly, we reverse the order appealed from, and remit the matter to the Family Court, Nassau County, for a de novo hearing before a different Court Attorney Referee, to be held with all convenient speed, and a new custody determination thereafter.

The contentions of the father and the attorney for the child

concerning the appealability of the order under review, as well as the reviewability of the mother's arguments, are without merit. Prudenti, P.J., Dillon, Covello and Leventhal, JJ., concur.