■ In the Matter of CAROL T. PEEK, Respondent, v DARRYL C. PEEK, Appellant. [913 NYS2d 281]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Nassau County (Eisman, J.), dated July 28, 2009, which, without a hearing, inter alia, granted sole custody of the subject child to the mother, with visitation to the father.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for an evidentiary hearing on the issue of custody and a new determination thereafter; and it is further,

Ordered that pending the hearing and new determination, the subject child shall remain in the sole custody of the mother, and the provisions of the order dated July 28, 2009, regarding visitation shall remain in effect.

An award of custody must be based upon the best interests of the child, and there is no right of either parent to custody of the

child (see Friederwitzer v Friederwitzer, 55 NY2d 89, 93 [1982]; Matter of Francois v Hall, 73 AD3d 1055 [2010]). Since the court has an obligation to make an objective and independent evaluation of the circumstances (see Trach v Trach, 162 AD2d 678 [1990]; Mosesku v Mosesku, 108 AD2d 795 [1985]), a custody determination should be made only after a full and fair hearing at which the record is fully developed (see Obey v Degling, 37 NY2d 768 [1975]; Matter of Patricia L. v Steven L., 119 AD2d 221 [1986]; Audubon v Audubon, 138 AD2d 658 [1988]). Therefore, as a general rule, it is error to make an order respecting custody based upon controverted allegations without the benefit of a full hearing (see Matter of Nalty v Kong, 59 AD3d 723 [2009]; Cieri v Cieri, 56 AD3d 409 [2008]; Matter of Roldan v Nieves, 51 AD3d 803 [2008]; Matter of Ling Da Chen v Yue Hua Zhou, 39 AD3d 753 [2007]).

Here, in light of the parties' conflicting allegations, the Family Court erred in awarding sole custody of the subject child to the mother without the benefit of an evidentiary hearing. Nor did the court conduct an examination of the parties, interview the child, or solicit the opinion of the attorney for the child. Under such circumstances, it cannot be concluded that the court possessed sufficient information to render an informed determination consistent with the child's best interests (cf. Matter of Vangas v Ladas, 259 AD2d 755 [1999]). Accordingly, we remit the matter to the Family Court, Nassau County, for a hearing and, thereafter, a new determination on the custody petition.

In light of our determination herein, it is unnecessary to reach the father's remaining contention. Mastro, J.P., Florio, Leventhal and Sgroi, JJ., concur.