■ In the Matter of SHOLEM FELDMAN, Respondent, v SURIE FELDMAN, Respondent. SUSAN ARGENTO FERLAUTO, Attorney for the Children, Nonparty Appellant. [912 NYS2d 438]—

In related custody and visitation proceedings pursuant to Family Court Act article 6, the attorney for the children appeals, as limited by her brief, from so much of an order of the Family Court, Orange County (Woods, J.), dated January 25, 2010, as awarded, without a hearing, certain visitation rights to the father.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Generally, "[v]isitation should be decided after a full evidentiary hearing to determine the best interests of the child[ren]" (*Matter of Rivera v Administration for Children's Servs.*, 13 AD3d 636, 637 [2004]; *see Matter of Johnson v Alaji*, 74 AD3d 1202 [2010]). However, it is not necessary to conduct such a hearing when the court already possesses sufficient relevant information to render an informed determination in the child's best interest (*see Matter of Weinschneider v Weinschneider*, 73 AD3d 1194 [2010]).

Here, the parties were divorced in 2003 by a judgment which incorporated, but did not merge, the terms of a stipulation providing that the father would have visitation with the subject children. In 2009, the father commenced an enforcement proceeding in the Family Court, alleging that the mother was interfering with his visitation. On the date scheduled for trial, the parties informed the Family Court that they had come to an agreement regarding, inter alia, the father's visitation. The agreement was read into the record and the parties waived their right to a hearing. The Family Court permitted the attorney for the children to elicit testimony from the mother and the father. The Family Court had already interviewed the children in camera, and had a forensic evaluation conducted of the parties and the children.

Under these circumstances, the Family Court had adequate information before it to determine that it was in the children's best interests to have visitation with the father as outlined in the parties' agreement (*see Peluso v Kasun*, 78 AD3d 950 [2010]; *Matter of Perez v Sepulveda*, 51 AD3d 673 [2008]; *Matter of Johnson v Alaji*, 74 AD3d at 1202; *Matter of Hom v Zullo*, 6

AD3d 536 [2004]). Accordingly, contrary to the contention of the attorney for the children, the Family Court did not err in failing to conduct an evidentiary hearing. Mastro, J.P., Fisher, Roman and Sgroi, JJ., concur.