In the Matter of MICHELLE PEREZ, Respondent, v ANDY F. ESTEVEZ, Appellant. [919 NYS2d 349]—

"[A]s a general rule, it is error as a matter of law to make an order respecting custody based upon controverted allegations without the benefit of a full hearing" (*Matter of Khan v Dolly*, 6 AD3d 437, 439 [2004]; *see Matter of Peek v Peek*, 79 AD3d 753 [2010]; *Matter of Klang v Klang*, 235 AD2d 476 [1997]; *see also Matter of Garcia v Ramos*, 79 AD3d 872 [2010]). "Since the court has an obligation to make an objective and independent evaluation of the circumstances, a custody determination should be made only after a full and fair hearing at which the record is fully developed" (*Matter of Peek v Peek*, 79 AD3d at 754 [citations omitted]). However, "it is not necessary to conduct such a hearing where the court already possesses sufficient relevant information to render an informed determination in the child's best interest" (*Matter of Feldman v Feldman*, 79 AD3d 871, 871 [2010]; *cf. Matter of Peek v Peek*, 79 AD3d 753 [2010]).

Under the circumstances of this case, the Family Court lacked sufficient information to render an informed determination as to the child's best interest, and thus, the matter must be remitted to the Family Court, Nassau County, for an evidentiary hear-

ing (*see Matter of Peek v Peek*, 79 AD3d 753 [2010]; *Matter of Khan v Dolly*, 6 AD3d at 439). The fact that the father was incarcerated at the time that the Family Court made its determination was an insufficient basis to award sole custody to the mother without first affording the father the benefit of a hearing (*see Matter of Depuy-Wade v Wade*, 298 AD2d 655, 656 [2002]; *Matter of D'Entremont v D'Entremont*, 254 AD2d 576, 576-577 [1998]).

The parties' remaining contentions have been rendered academic in light of our determination or are without merit. Angiolillo, J.P., Florio, Belen and Miller, JJ., concur.