■ In the Matter of DAVID R. SWINSON, SR., Appellant, v SHERITA BREWINGTON, Respondent. [925 NYS2d 96]—

In a custody proceeding pursuant to Family Court Act article 6, the father appeals, by permission, from an order of the Family Court, Kings County (Feldman, J.H.O.), dated October 26, 2009, which, without a hearing, awarded temporary custody of the parties' child to the mother.

Ordered that the order is reversed, on the law and as a matter of discretion, without costs or disbursements, and temporary custody of the parties' child shall remain with the father pending a hearing and determination on the issue of temporary custody of the parties' child or a final determination of custody by the Family Court, Kings County.

The petitioner father and the respondent mother were in a relationship from 2001 to 2004, but were never married. Their son David was born on May 10, 2002. From the time of his birth, David lived with his mother in Brooklyn while his father visited him at least four times a month. There was no court order concerning David's custody.

In the Spring of 2006 the father moved to Tennessee. Beginning in 2007, David spent the summer with his father in Tennessee, and remained during the school year in Brooklyn with his mother. The father also traveled to Brooklyn to visit David during the Christmas holiday season in 2006, 2007, and 2008.

At the end of the summer in August 2009, the father enrolled David in school in Tennessee, rather than return David to his mother in Brooklyn. He also filed a petition for custody. Shortly thereafter, the mother filed a cross petition for custody.

When the parties initially appeared before the Family Court on September 8, 2009, the Family Court decided that David should remain in Tennessee so as not to disturb the status quo until the court received more information, since David had started school on August 10, 2009. Toward that end, the Family Court referred the matter to a judicial hearing officer for an evidentiary hearing.

On October 26, 2009, the parties appeared before the Judicial Hearing Officer, at which time no testimony was taken or exhibits received, although the father indicated he was prepared to go forward. There was only oral argument on the issue of temporary custody. In support of his petition, the father annexed David's file from PS 329, David's former school in Brooklyn, which included his school records and his teachers' notes regarding various behavior issues and interactions with the mother. PS 329's file showed that for the 2008/2009 school year, David had excessive absences, was frequently tardy, and performed poorly. It also documented, inter alia, that from April to June 2009, David used profanity toward his teacher and classmates on numerous occasions, pushed his classmates, and punched himself. The teachers' notes also indicated that the mother was asked to leave the school grounds one morning when she began harassing another child about bothering David, and failed to attend an appointment with school personnel to discuss David's behavior.

During this appearance, the Attorney for the Child stated, without submitting any evidence in support of her comments, that David was a special needs child and, as such, would not receive the services as provided for by PS 329 pursuant to his individual education plan at his school in Tennessee. She acknowledged that David did not want to choose between his parents because he loved both of them, but it was her position that the mother should be issued a temporary order of custody.

The father objected to the Attorney for the Child making a "report" and providing her own recommendation to the Judicial Hearing Officer. Moreover, he disputed the statements made by the Attorney for the Child with respect to the sufficiency of David's school in Tennessee and sought to enter David's Tennessee school records into evidence. However, the Judicial Hearing Officer refused to admit the records or proceed with a hearing.

In an order dated October 26, 2009, the Judicial Hearing Officer awarded temporary custody of David to the mother. In an order dated November 27, 2009, this Court, inter alia, granted that branch of the father's motion which sought to stay enforcement of the order dated October 26, 2009, and directed that David remain in the father's care in Tennessee until either a determination was issued concerning this appeal or until a final custody order was issued by the Family Court, whichever came first.

In making an initial custody determination, the courts must "consider the best interests of the child by reviewing such factors as maintaining stability for the child, the child's wishes, the home environment with each parent, each parent's past performance, relative fitness, ability to guide and provide for the child's overall well-being, and the willingness of each parent to foster a relationship with the other parent" (*Matter of Anson v Anson*, 20 AD3d 603, 604 [2005] [internal quotation marks omitted]; *see Matter of Holle v Holle*, 55 AD3d 991, 991-992 [2008]).

"As a general rule, while temporary custody may be properly fixed without a hearing where sufficient facts are shown by uncontroverted affidavits, it is error as a matter of law to make an order respecting custody, even in a pendente lite context, based on controverted allegations without having had the benefit of a full hearing" (*Carlin v Carlin*, 52 AD3d 559, 560 [2008]; *see Matter of Perez v Estevez*, 82 AD3d 1106, 1106 [2011]; *see also Matter of Garcia v Ramos*, 79 AD3d 872, 873 [2010]).

The Judicial Hearing Officer erred in relying on the report of the Attorney for the Child and refusing to take testimony and

receive documentary evidence offered by the father to refute the report. While attorneys for the children, as advocates, may make their positions known to the court orally or in writing, presenting reports containing facts which are not part of the record or making ex parte submissions to the court are inappropriate practices (*see Weiglhofer v Weiglhofer*, 1 AD3d 786, 788 n [2003]). Here, the Judicial Hearing Officer erroneously allowed the Attorney for the Child to refer to matters that were not in evidence, and compounded its error by refusing to allow the father to proffer documentary evidence to contradict the assertions of the Attorney for the Child.

Moreover, viewing the totality of the circumstances, it is in David's best interests to remain with his father and to continue attending school in Tennessee pending a hearing and determination on the issue of temporary custody or a final determination of custody by the Family Court.

The parties' remaining contentions are without merit.

We note that those portions of the brief of the Attorney for the Child which refer to matter dehors the record have not been considered in the determination of the appeal. Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.

Motion by the respondent, inter alia, to strike the appellant's reply brief on an appeal from an order of the Family Court, Kings County (Feldman, J.H.O.), dated October 26, 2009, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated April 14, 2011, that branch of the motion which was to strike the appellant's reply brief on the ground that it refers to matter dehors the record was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is,

Ordered that the branch of the motion which is to strike the appellant's reply brief on the ground that it refers to matter dehors the record is granted to the extent that the portion of the reply brief beginning with "In its brief" on page 3 and ending at the end of page 3, and the portion beginning with "As part of her preparation" on page 6 and ending with "notice if required" on page 6, are stricken on the ground that those portions of the brief refer to matter dehors the record, those portions of the reply brief have not been considered in the determi-

nation of the appeal, and that branch of the motion is otherwise denied. Mastro, J.P., Leventhal, Austin and Cohen, JJ., concur.