■ In the Matter of KIMBERLY SAVOCA, Respondent, v JOHN BELLOFATTO, Appellant. [960 NYS2d 212]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Boggio, Ct. Atty. Ref.), dated February 27, 2012,

which, without a hearing, awarded the mother sole legal and physical custody of the parties' child.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Suffolk County, for an evidentiary hearing on the issue of custody and visitation, and a new determination thereafter.

"An award of custody must be based upon the best interests of the child, and there is no right of either parent to custody of the child" (*Matter of Peek v Peek*, 79 AD3d 753, 753-754 [2010]; *see* Domestic Relations Law § 70 [a]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 93 [1982]; *Matter of Francois v Hall*, 73 AD3d 1055 [2010]). "Generally, the determination of a custody issue can only be resolved after a full and comprehensive hearing, and a careful analysis of the applicable factors to be considered in determining what custody arrangement will further the child's best interests" (*Matter of Nalty v Kong*, 59 AD3d 723, 724 [2009]; *see Obey v Degling*, 37 NY2d 768, 769-770 [1975]; *Matter of Peek v Peek*, 79 AD3d at 753-754; *Audubon v Audubon*, 138 AD2d 658, 658-659 [1988]).

Here, contrary to the statement in the order appealed from to the effect that a hearing had been held, the mother's petition for custody was granted without a hearing. In addition, the Family Court did not conduct an examination of the parties or obtain a forensic report from an expert. Although the Family Court did ask the attorney for the child for an argument on behalf of her two-year-old client, the attorney for the child stated that a social worker from her office would be sent to visit the child, but this had not yet been done when the order was issued. Under these circumstances, "it cannot be concluded that the court possessed sufficient information to render an informed determination consistent with the child's best interests" (*Matter of Peek v Peek*, 79 AD3d at 754; *see Matter of Perez v Estevez*, 82 AD3d 1106, 1106-1107 [2011]; *Matter of Nalty v Kong*, 59 AD3d at 724; *Matter of Roldan v Nieves*, 51 AD3d 803, 805 [2008]; *cf. Matter of Feldman v Feldman*, 79 AD3d 871 [2010]). Since there was no hearing, the court also failed to make "specific findings of fact with respect to the issue of custody," as it is required to do (*Audubon v Audubon*, 138 AD2d at 659; *see Mauter v Mauter*, 309 AD2d 737, 738 [2003]).

The order must be reversed and the matter remitted for an evidentiary hearing not only for the reasons stated above, but for the additional reason that the father effectively was deprived of his statutory right to counsel (*see* Family Ct Act § 262 [a] [v]). Section 262 (a) (v) of the Family Court Act confers the

right to the assistance of counsel upon "the parent of any child seeking custody or contesting the substantial infringement of his or her right to custody of such child, in any proceeding before the court in which the court has jurisdiction to determine such custody." The statute further provides that "[w]hen such person first appears in court, the judge shall advise such person before proceeding that he or she has the right to be represented by counsel of his or her own choosing, of the right to have an adjournment to confer with counsel, and of the right to have counsel assigned by the court in any case where he or she is financially unable to obtain the same" (Family Ct Act § 262 [a]). "The deprivation of a party's right to counsel guaranteed by this statute 'requires reversal, without regard to the merits of the unrepresented party's position' " (*Matter of Collier v Norman*, 69 AD3d 936, 937 [2010], quoting *Matter of Brown v Wood*, 38 AD3d 769, 770 [2007]; *see Matter of Rosof v Mallory*, 88 AD3d 802, 802-803 [2011]). Here, at the start of the proceeding, the Family Court acknowledged that, prior thereto, the father's attorney had requested an adjournment "to at least consider whether she want[ed] to continue representing [the father]." Nonetheless, the court proceeded to determine the custody issue without a hearing. Moreover, the court neither advised the father of his right to an attorney, nor advised him of his right to an adjournment to obtain new counsel, notwithstanding a statement to the contrary contained in the order appealed from. An attorney from the office of the father's counsel was apparently present when the court rendered its determination, but she did not appear to be representing the father. While "adjournments are within the discretion of the trial court" the "range of that discretion is narrowed . . . where a fundamental right such as the right to counsel is involved" (*Matter of Patricia L. v Steven L.*, 119 AD2d 221, 226 [1986] [citations omitted]). Under the circumstances presented here, "[i]nstead of directing the matter to go forward, the Family Court should have exercised its discretion to grant an adjournment" (*Matter of Doino v Cartelli*, 77 AD3d 830, 831 [2010]) to permit the father to reach an understanding with his counsel, or to obtain new counsel. Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.