■ In the Matter of ROBERT SCHYBERG, Appellant, v CHRISTINE M. PETERSON, Respondent. [962 NYS2d 671]—

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Westchester County (Greenwald, J.), entered October 20, 2011, which, without a hearing, denied his petition, in effect, inter alia, for sole physical custody of the subject children, and, sua sponte, in

effect, inter alia, awarded sole physical custody of the subject children to the mother and certain visitation to him.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for an evidentiary hearing, to be held forthwith, on the issue of physical custody and visitation with respect to the subject children and for a determination of the present best interests of the children in accordance herewith; and it is further,

Ordered that pending the hearing and determination, the provisions of the order entered October 20, 2011, regarding custody and visitation of the subject children, shall remain in effect.

The father commenced this proceeding, in effect, inter alia, for sole physical custody of the subject children. The Family Court denied, without a hearing, the father's petition and, sua sponte, in effect, inter alia, awarded sole physical custody of the subject children to the mother and certain visitation to him.

"The paramount concern in any custody or visitation determination is the best interests of the child, under the totality of the circumstances" (*Galanti v Kraus*, 85 AD3d 723, 724 [2011]; *see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381 [2004]). Generally an evidentiary hearing is necessary in determining issues of custody or visitation (*see Matter of Hom v Zullo*, 6 AD3d 536 [2004]). However, a hearing may not be necessary where "the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child[ren's] best interest" (*id.*; *see Matter of New v Sharma*, 91 AD3d 652, 653 [2012]).

Here, the Family Court did not possess adequate relevant information to enable it to make an informed and provident determination as to the children's best interest so as to render a hearing unnecessary. Indeed, the court was not involved when the parties agreed to the existing custody and parenting agreement, and only became involved in this proceeding after the prior Family Court Judge in this matter retired. Furthermore, although the court had the recommendations of an expert before it, the recommendations of experts are but one factor to be considered (*see Matter of Nikolic v Ingrassia*, 47 AD3d 819, 821 [2008]), and "are not determinative and do not usurp the judgment of the trial judge" (*id.* at 821; *see Matter of Kozlowski v Mangialino*, 36 AD3d 916, 917 [2007]; *Neuman v Neuman*, 19 AD3d 383, 384 [2005]). Accordingly, the Family Court erred in denying the father's petition and, inter alia, awarding sole physical custody to the mother without first holding an evidentiary

hearing on the issue of physical custody and visitation so that it could make an independent determination as to the best interests of the children on the basis of the evidence presented at such a hearing (*see Goldstein v Goldstein*, 68 AD3d 717, 720-721 [2009]; *Matter of Gurewich v Gurewich*, 58 AD3d 628, 629 [2009]).

The father's remaining contentions either are not properly before this Court, as they raise issues that were not decided in the order appealed from, or need not be reached in light of our determination.

Accordingly, we remit the matter to the Family Court, Westchester County, for an evidentiary hearing, to be held forthwith, on the issue of physical custody and visitation with respect to the subject children and for a determination of the present best interests of the children. In the interim and until further order of the Family Court, the provisions of the order entered October 20, 2011, regarding custody and visitation of the subject children shall remain in effect. Mastro, J.P., Rivera, Hall and Miller, JJ., concur.