In related proceedings, including a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Westchester County (Greenwald, J.), entered July 2, 2012, which, without a hearing, inter alia, awarded sole residential custody of the subject children to the father.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for an evidentiary hearing on the issue of custody and a new determination thereafter; and it is further,
Ordered that pending the hearing and new determination, the subject children shall remain in the sole residential custody of the father.
“ ‘[A]s a general rule, it is error as a matter of law to make an order respecting custody based upon controverted allegations without the benefit of a full hearing’ ” (Matter of Perez v Estevez, 82 AD3d 1106, 1106 [2011], quoting Matter of Khan v Dolly, 6 *548 AD3d 437, 439 [2004]). “ ‘Since the court has an obligation to make an objective and independent evaluation of the circumstances, a custody determination should be made only after a full and fair hearing at which the record is fully developed’ ” (Matter of Perez v Estevez, 82 AD3d at 1106, quoting Matter of Peek v Peek, 79 AD3d 753, 754 [2010]). However, “ ‘it is not necessary to conduct such a hearing where the court already possesses sufficient relevant information to render an informed determination in the child’s best interest’ ” (Matter of Perez v Estevez, 82 AD3d at 1106, quoting Matter of Feldman v Feldman, 79 AD3d 871, 871 [2010]).
Under the circumstances of this case, the Family Court lacked sufficient information to render an informed determination as to the best interests of the subject children and, thus, the matter must be remitted to the Family Court, Westchester County, for an evidentiary hearing on the issue of custody and a new determination thereafter (see Matter of Perez v Estevez, 82 AD3d at 1106; Matter of Joosten v Joosten, 282 AD2d 748 [2001]).
The parties’ remaining contentions are without merit. Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.