In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Danoff, J.), dated May 22, 2012, which, without a hearing, granted the father’s petition for custody of the subject children.
Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for a hearing on the father’s petition before a different Judge, and a new determination thereafter.
An award of custody must be based upon the best interests of the children (see Matter of McDonough v McDonough, 73 AD3d 1067, 1068 [2010]). “Generally, the determination of a custody issue can only be resolved after a full and comprehensive hearing, and a careful analysis of the applicable factors to be considered in determining what custody arrangement will further the child[ren]’s best interests” (Matter of Savoca v Bellofatto, 104 AD3d 695, 696 [2013] [internal quotation marks omitted]; see Matter of Zaratzian v Abadir, 105 AD3d 1054 [2013]; Matter of Swinson v Brewington, 84 AD3d 1251, 1253 [2011]).
The order appealed from incorrectly stated that a hearing had been held on the father’s petition for custody. In fact, the father’s petition for custody was granted without a hearing. In addition, the Family Court did not conduct an examination of the parties or inquire into whether an award of custody of the subject children to the father was in the children’s best interests. It also prohibited the mother from offering evidence in opposition to the petition. Thus, the Family Court failed to make a careful analysis of the applicable factors to be considered in determining which custody arrangement would further the children’s best interests (see Matter of Savoca v Bellofatto, 104 AD3d at 696).
*812 The parties’ remaining contentions either have been rendered academic in light of our determination, are not properly before this Court, or are without merit.
Accordingly, the matter must be remitted to the Family Court, Kings County, for a hearing on the father’s petition for custody of the subject children. In light of certain statements made by the Family Court prior to granting the father’s petition and the Family Court’s demand that the mother make an offer of proof before refusing to allow her to testify in opposition to the father’s petition, all of which gave the appearance of a lack of impartiality, we remit the matter to the Family Court, Kings County, for further proceedings before a different Judge (see DiGiorgio v 1109-1113 Manhattan Ave. Partners, LLC, 102 AD3d 725, 730 [2013]). Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.