*770 An award of custody must be based upon the best interests of the child, and neither parent has a prima facie right to custody of the child (see Matter of Zaratzian v Abadir, 105 AD3d 1054 [2013]; Matter of Peek v Peek, 79 AD3d 753, 753-754 [2010]). “Since the court has an obligation to make an objective and independent evaluation of the circumstances, a custody determination should be made only after a full and fair hearing at which the record is fully developed” (Matter of Peek v Peek, 79 AD3d at 754 [citations omitted]; see Matter of Labella v Murray, 108 AD3d 547 [2013]; Matter of Perez v Estevez, 82 AD3d 1106 [2011]). Therefore, as a general rule, it is error to make an order respecting custody based upon controverted allegations without the benefit of a full hearing (see Matter of Labella v Murray, 108 AD3d at 547; Matter of Swinson v Brewington, 84 AD3d 1251, 1253 [2011]; Matter of Perez v Estevez, 82 AD3d at 1106; Matter of Peek v Peek, 79 AD3d at 754). It is not necessary, however to conduct such a hearing “where the court already possesses sufficient relevant information to render an informed determination in the child’s best interest” (Matter of Labella v Murray, 108 AD3d at 548 [internal quotation marks omitted]; see Matter of Perez v Estevez, 82 AD3d at 1106).
Under the circumstances presented here, it cannot be concluded that the Family Court possessed sufficient information to render an informed determination as to the best interests of the subject children (see Matter of Labella v Murray, 108 AD3d at 548; Matter of Savoca v Bellofatto, 104 AD3d 695, 696 [2013]; Matter of Perez v Estevez, 82 AD3d at 1106; Matter of Peek v Peek, 79 AD3d at 754). In addition, in issuing its determination, the Family Court failed to make “ ‘specific findings of fact with respect to the issue of custody,’ ” as it is required to do (Matter of Savoca v Bellofatto, 104 AD3d at 696, quoting Audubon v Audubon, 138 AD2d 658, 659 [1988]; see Mauter v Mauter, 309 AD2d 737, 738 [2003]).
*771 Accordingly, the matter must be remitted to the Family Court, Queens County, for an evidentiary hearing on the issue of custody and a new determination of the petition thereafter (see Matter of Labella v Murray, 108 AD3d at 548; Matter of Perez v Estevez, 82 AD3d at 1106). Skelos, J.P., Lott, Cohen and Hinds-Radix, JJ., concur.