In the Matter of ABIGAIL R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ISHWARDAT R., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of REBECCA R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ISHWARDAT R., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of JEREMIAH R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ISHWARDAT R., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of ZACHARIAH R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ISHWARDAT R., Appellant, et al., Respondent. (Proceeding No. 4.) [4 NYS3d 79]—

Appeal from an order of disposition of the Family Court, Queens County (Carol Ann Stokinger, J.), dated October 27, 2010. The order of disposition, upon a prior order of fact-finding of that court, finding that the father neglected and abused the child Rebecca R., and neglected and derivatively abused the children Abigail R., Jeremiah R., and Zachariah R., and after a dispositional hearing, inter alia, directed that the children remain in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing, scheduled for April 2011.

Ordered that the appeal is dismissed as academic, without costs or disbursements.

The appeal is academic, as the order of disposition has been superseded by no less than six subsequent orders, which continued placement of the four subject children in the care of

the Commissioner of Social Services of the City of New York through October 2013, and thereafter discharged them to the custody of their mother (*see Matter of Breeyanna S.*, 52 AD3d 342, 342 [2008]; *see also Matter of Grayson J. [Sharon H.]*, 119 AD3d 575, 576 [2014]; *Matter of Jaden J. [Ernest C.]*, 106 AD3d 822, 823 [2013]).

Contrary to the father's contention, his appeal from the order of disposition does not bring up for review the order of fact-finding, which was entered upon his consent, since "no appeal lies from an order entered on the consent of the appealing party" (*Matter of Lemar H.*, 52 AD3d 602, 603 [2008]; *see Matter of Shaliyah P. [Eddie P.]*, 90 AD3d 1054, 1055 [2011]; *Matter of Mary UU. [Michael UU.—Marie VV.]*, 70 AD3d 1227, 1228 [2010]). The father's contention that his consent to the Family Court's jurisdiction was not knowing and voluntary is not properly before this Court because he did not seek to modify or vacate the order in the Family Court (*see* Family Ct Act §§ 1051 [f]; 1061; *Matter of Mary UU. [Michael UU.—Marie VV.]*, 70 AD3d at 1228).

The father's remaining contentions are without merit. Mastro, J.P., Balkin, Miller and Duffy, JJ., concur.