In the Matter of CRYSTAL VELEZ, Respondent, v OMI ALVAREZ, Respondent. ALANYCE S.A. et al., Nonparty Appellants. (Proceeding No. 1.) In the Matter of OMI ALVAREZ, Respondent, v CRYSTAL VELEZ, Respondent. ALANYCE S.A. et al., Nonparty Appellants. (Proceeding No. 2.) [12 NYS3d 267]—

Appeal from an order of the Family Court, Westchester County (Robert C. Cerrato, J.), entered May 28, 2014. The order modified a prior order of custody and visitation to the extent of awarding the parties joint physical custody of the children and final decision-making authority to the mother.

Ordered that the order entered May 28, 2014, is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for forensic evaluations of the parties and the children, in camera interviews with the children, and an evidentiary hearing on the parties' petitions and a new determination thereafter of the petitions in accordance herewith; and it is further,

Ordered that pending the hearing and new determination of the petitions, the provisions of the order entered May 28, 2014, regarding custody and visitation shall remain in effect.

The mother and the father initiated the instant proceedings pursuant to Family Court Act article 6. The order appealed from was entered May 28, 2014, upon the consent of the mother and the father, and embodied the terms of an agreement reached by them in settlement of the instant proceedings. The attorney for the children contends that the Family Court approved the agreement without having sufficient information to enable it to render an informed determination as to whether the terms of the agreement were in the best interests of the subject children.

Contrary to the father's contention, the attorney for the children may appeal from the order entered May 28, 2014. While " 'no appeal lies from an order entered on the consent of the appealing party' " (*Matter of Abigail R. [Ishwardat R.]*, 125 AD3d 780, 781 [2005], quoting *Matter of Lemar H.*, 52 AD3d 602, 603 [2008]; *see e.g. Matter of Stein v Stein*, 123 AD3d 730, 730 [2014]; *Matter of Eunice D. [James F.D.]*, 111 AD3d 627, 628 [2013]), the order entered May 28, 2014, was not entered on the consent of the attorney for the children. Rather, it was entered over the objection of the attorney for the children. Therefore, the attorney for the children may appeal from the order.

" 'The paramount concern in any custody or visitation deter-

mination is the best interests of the child, under the totality of the circumstances' " (*Matter of Brown v Brown*, 127 AD3d 1180, 1181 [2015], quoting *Matter of Boggio v Boggio*, 96 AD3d 834, 835 [2012]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Matter of Schyberg v Peterson*, 105 AD3d 857, 858 [2013]). "[A]s a general rule, it is error as a matter of law to make an order respecting custody based upon controverted allegations without the benefit of a full hearing" (*Matter of Khan v Dolly*, 6 AD3d 437, 439 [2004]; *see Matter of Labella v Murray*, 108 AD3d 547, 547 [2013]; *Matter of Swinson v Brewington*, 84 AD3d 1251, 1253 [2011]; *Matter of Perez v Estevez*, 82 AD3d 1106, 1106 [2011]). " 'Since the court has an obligation to make an objective and independent evaluation of the circumstances, a custody determination should be made only after a full and fair hearing at which the record is fully developed' " (*Matter of Perez v Estevez*, 82 AD3d at 1106, quoting *Matter of Peek v Peek*, 79 AD3d 753, 754 [2010]; *see Matter of Labella v Murray*, 108 AD3d at 548). "However, a hearing may not be necessary where 'the court possesses adequate relevant information to enable it to make an informed and provident determination as to the child[ren's] best interest' " (*Matter of Schyberg v Peterson*, 105 AD3d at 858, quoting *Matter of Hom v Zullo*, 6 AD3d 536 [2004]).

Under the circumstances of this case, the Family Court did not possess sufficient information to enable it to render an informed and provident determination as to the best interests of the subject children. Accordingly, the matter must be remitted to the Family Court, Westchester County, for an evidentiary hearing on the issues of physical custody and visitation, including in camera interviews of the children and a new determination thereafter of the petitions (*see Matter of Labella v Murray*, 108 AD3d at 548; *Matter of Schyberg v Peterson*, 105 AD3d at 858-859; *Matter of Perez v Estevez*, 82 AD3d at 1106). The hearing and determination should be preceded by forensic evaluations of the parties and the children. In the interim, and until further order of the Family Court, Westchester County, the provisions of the order entered May 28, 2014, regarding custody and visitation shall remain in effect.

The remaining contention raised by the attorney for the children is without merit. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.